The State of Ohio, Appellee, *v.* Hartman, Appellant.

(No. CA87-02-004—Decided November 16, 1987.)

*John Petry,* city prosecutor, for appellee.

*Jay M. Simpson,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Eaton Municipal Court of Preble County.

This is an appeal by defendant-appellant, David Hartman, from his conviction for speeding. According to an agreed statement of facts filed herein, on October 17, 1986, Trooper Gary D. Shepard of the Ohio State Highway Patrol observed appellant operating a motor vehicle eastbound on Interstate 70 at a speed greater than that of the accompanying traffic. Shepard followed appellant's car, paced its speed at sixty-five miles per hour in a fifty-five mile per hour zone, confirmed that speed by radar, and pulled it over after having followed it for at least two and one-half miles.

After approaching the stopped vehicle, Shepard detected a moderate odor of alcohol emanating from the vehicle. He observed nothing unusual about appellant's gait at that time. Once inside the patrol car, however, Shepard noticed appellant's eyes were watery and red. The trooper then performed a gaze nystagmus test on appellant, which was inconclusive. Appellant was then asked to perform two field sobriety tests on the berm. One was walking and turning and the other was a one-leg stand. After he apparently performed these field tests in an unsatisfactory manner, he was arrested for driving under the influence of alcohol (hereinafter "DUI").

Once at the highway patrol post, appellant submitted to a breath test. The test's result was .094 hundredths of one gram of alcohol per two hundred and ten liters of breath. Since this reading did not exceed the permissible state standard set forth in R.C. 4511.19(A)(3), appellant was arrested for DUI based on his manner of operating his motor vehicle (R.C. 4511.19[A][1] ). He was also issued a citation for speeding.

After a pretrial conference, the state of Ohio agreed to dismiss the DUI charge if appellant entered a plea of guilty or no contest to speeding. Appellant entered a plea of no contest to the speeding charge and was found guilty of traveling sixty-five miles per

hour in a fifty-five-mile-per-hour zone. The DUI charge was then dismissed.

As a result of the speeding violation, the court below fined appellant $100 and costs and ordered him to have a Guardian Interlock System, which is a breath-test device that is integrated into a car's ignition system, installed in his automobile.[1] The trial court further found appellant's driving to have been "erratically reckless," so it suspended his driver's license for one year.[2] This appeal followed.

Appellant's brief before this court lists two assignments of error which state:

First Assignment of Error:

"The trial court erred when it found that Appellant's conduct was reckless and suspended Appellant's license pursuant to O.R.C. § 4507.34."

Second Assignment of Error:

"The trial court abused its discretion when it suspended Appellant's license pursuant to O.R.C. § 4507.34."

Since we believe the two assignments of error for all practical purposes are identical, we will address them together.

Appellant argues he was given a one-year driver's license suspension because he was charged with, but not convicted of, DUI and not because of any "reckless operation" on his part. The state of Ohio, on the other hand, contends speeding *alone* constitutes reckless operation under R.C. 4507.34

according to *Akron* v. *Willingham* (1957), 166 Ohio St. 337, 2 O.O. 2d 248, 142 N.E. 2d 653, and, in any case, the trial court's action has already been examined by this court and approved in *State* v. *Kirkpatrick* (June 22, 1987), Preble App. No. CA87-02-003, unreported.

R.C. 4507.34 provides:

"Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the license to drive of any persons so convicted or pleading guilty to such offenses for such period as it determines, not to exceed one year."

As the prosecution suggests, in *Willingham, supra,* the Ohio Supreme Court found that speeding alone can constitute reckless operation. However, it must be pointed out that the Supreme Court reached this conclusion because it found, relying on former R.C. 4511.20, that the speed involved, sixty miles per hour in a twenty-five-mile-per-hour zone, demonstrated operation of a motor vehicle without due regard for the safety of others. Similarly, in *Kirkpatrick, supra,*[3] this court found evidence of reckless opera-

---

[1] No issue has been raised concerning the propriety of this action.

[2] The trial court apparently relied on R.C. 4507.34 as its authority for suspending appellant's license. However, when it was informed of the devastating effect a complete loss of driving privileges would have on appellant's ability to maintain his employment, he was granted occupational driving privileges.

[3] We affirm our position in *Kirkpa-*

*trick, supra,* that a court of record, in deciding whether to suspend a driver's license pursuant to R.C. 4507.34, is entitled to consider all the evidence the record reveals which is probative of whether a defendant's operation of a motor vehicle was reckless, including his state of sobriety. We however reject the notion, which we find to be suggested herein, that evidence of any minor traffic violation in combination with the consumption of a marginal quantity of alcohol, *ipso facto,* means an operator's driving is reckless.

tion existed in a case where an individual had a breath-alcohol test bordering on an unlawful range and he inexplicably drove his motor vehicle left of center, a reckless act in itself.

In both *Willingham, supra,* and *Kirkpatrick, supra,* the defendant's operation of his motor vehicle reflected a blatant disregard for the rights and safety of others. In the case *sub judice,* however, appellant's speed was not grossly excessive based on the nature of the roadway and attendant conditions, nor was his driving such that it constituted a clear safety hazard to his fellow drivers. In fact, the trooper who stopped appellant did not do so immediately upon seeing him, but followed him for some time before finally activating his pursuit lights. In the final analysis, but for the evidence of alcohol consumption, which we note when tested did not even constitute a violation of Ohio's DUI statute, this case is nothing more than a simple speeding violation.

In *In re Gilbert* (Sept. 28, 1987), Butler App. No. CA86-10-144, unreported, we held that a speeding violation does not invariably constitute reckless operation. Here, while there is a finding of a speeding violation, there is no evidence of alcohol impairment having a visibly dangerous effect upon the accused's driving as there was in *Kirkpatrick, supra,* and no grossly excessive speed as there was in *Willingham, supra.* In fact, there is no evidence that appellant was recklessly operating his automobile on Interstate 70 on October 17, 1986.

Accordingly, appellant's two assignments of error are sustained. His conviction for speeding is affirmed, but his one-year driver's license suspension pursuant to R.C. 4507.34 is unlawful and is hereby vacated.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part.*

JONES, P.J., and KOEHLER, J., concur.

YOUNG, J., dissents.

YOUNG, J., dissenting. R.C. 4507.34 vests the trial court with discretion to impose the additional penalty of suspension or revocation of driving rights when the court finds that reckless operation was involved in the offense. The majority has correctly found that *Akron* v. *Willingham* (1957), 166 Ohio St. 337, 2 O.O. 2d 248, 142 N.E. 2d 653, authorizes the finding by the trial court that speed alone can constitute an offense relating to reckless operation.

It is undisputed that, in the case *sub judice,* the appellant tested .094 hundredths of one gram of alcohol per two hundred and ten liters of breath when subjected to a breath test. In

---

That a driver's operation of a motor vehicle was reckless is a conclusion reached by examining both the driving in issue and *all* the circumstances under which it took place. Foremost among these circumstances is the threat this manner of operation poses to others. A driver is not operating recklessly simply because he had consumed some alcohol when he committed an otherwise minor traffic offense which actually threatened no one. To paraphrase the Hamilton County Court of Appeals — for better or worse, R.C. 4507.34 penalizes reckless driving, not simply driving after a drink. See *State* v. *Taylor* (1981), 3 Ohio App. 3d 197, 198, 3 OBR 224, 225, 444 N.E. 2d 481, 482.

other words, he missed a DUI conviction by the narrowest of margins.

I would hold that the trial court was justified in finding that operating a vehicle in excess of the speed limit while having consumed sufficient alcohol to register .094 on a breath test certainly related to reckless operation of the vehicle which warranted a suspension of driving privileges. I am unwilling to substitute my judgment for that of the trial judge under these circumstances.

I would affirm.