The STATE of Ohio, Appellee,

v.

FOUREMAN, Appellant.

[Cite as *State v. Foureman* (1990), 68 Ohio App.3d 162.]

Court of Appeals of Ohio,
Preble County.

No. CA89–12–018.

Decided June 18, 1990.

*John Petry,* City Prosecutor, for appellee.

*Gump & Associates Co., L.P.A.,* and *Jeffrey D. Slyman,* for appellant.

HENDRICKSON, Judge.

This is an appeal by defendant-appellant, David C. Foureman, from a decision of the Eaton Municipal Court suspending his driver's license for one year following a conviction for failure to drive within marked lanes.

On October 19, 1989 at approximately 12:30 a.m., appellant was traveling west on Interstate 70 in Preble County in a Jeep station wagon. Driving conditions were hazardous due to a heavy snowfall. Trooper Schnelle of the Ohio State Patrol received four separate CB calls about a Jeep station wagon traveling on Interstate 70 weaving from lane to lane. Schnelle saw appellant's vehicle from a rest area and, as it went by, he observed several semi-trucks and passenger cars behind it who were unable to pass.

Schnelle followed appellant to U.S. Route 35, where he saw appellant weave across the centerline three times, once by over half of the vehicle width. Schnelle turned on his lights and siren and pursued appellant, but appellant did not stop until a truck blocked his way.

When Schnelle approached appellant, he noted a strong odor of alcohol on his person. Appellant stated that he was on his way home to Englewood from

Dayton, but appellant was traveling in the opposite direction. Schnelle had to help appellant walk to the rear of his car. Subsequently, appellant refused to take any field sobriety tests or a breath test.

Appellant was arrested and charged with driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1), failure to drive within marked lanes pursuant to R.C. 4511.33 and failure to wear a seatbelt pursuant to R.C. 4513.263. Appellant pleaded not guilty to all three charges. Subsequently, the trial court suspended appellant's driving privileges pursuant to R.C. 4511.191, stating that appellant had refused to take a chemical test and that appellant's driving would constitute a threat to public safety.

On November 22, 1989, pursuant to a plea bargain, appellant pleaded guilty to the charges of failure to drive within a marked lane and failure to wear a seatbelt. The DUI charge was dismissed by the prosecution for lack of evidence. Appellant was found guilty of the other charges and the trial court suspended his driving privileges for one year. That same day, the trial court issued a judgment entry granting appellant occupational driving privileges, stating that appellant could operate a motor vehicle "in the course of his employment * * * with the vehicle being equipped with the guardian interlock system." This appeal followed.

■ Appellant presents two assignments of error for review. In his first assignment of error, he states that the trial court erred in suspending his driver's license for a year after he was found guilty of failure to drive within marked lanes. He argues that this offense does not "relate to reckless operation." We find this assignment of error is not well taken.

The trial court suspended appellant's license under the authority of R.C. 4507.34, which provides:

"Whenever a person is found guilty under the laws of this state or any ordinance of any political subdivision thereof, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the driver's license or commercial driver's license of any person so convicted or pleading to such offenses for such period as it determines, not to exceed one year."

In *State v. Kirkpatrick* (June 22, 1987), Preble App. No. CA87–02–003, unreported, 1987 WL 13060, this court discussed the application of this statute. In that case, Jeffrey Kirkpatrick was charged with failing to drive on the right side of the roadway in violation of R.C. 4511.25(A) and driving under the influence of alcohol in violation of R.C. 4511.19(A)(3) (as it then

provided). A BAC Verifier test indicated that Kirkpatrick had a blood-alcohol level of .104. On the day of trial, the state requested that the DUI charge be dismissed in exchange for Kirkpatrick's guilty plea to the remaining charge. The trial court dismissed the DUI charge, accepted Kirkpatrick's guilty plea to the remaining charge, found him guilty and suspended his driver's license for one year. On appeal, Kirkpatrick argued that the trial court could not consider the alleged state of intoxication when sentencing him for failure to drive on the right side of the roadway. We rejected this argument and affirmed the decision of the trial court, stating:

"In suspending appellant's license, the court noted its concern about appellant's safety and the safety of others and found that appellant's condition was a specific impairment. Even though the DUI charge was dismissed, the court cannot be faulted for considering the fact that appellant's operation of his vehicle was alcohol related. Appellant was driving left of center for some reason, and if his consumption of alcohol was not the cause and there was no plausible mechanical reason, *then appellant's failure to stay in his appropriate lane of travel certainly reflects a blatant disregard for the safety of others which, by itself, would justify the suspension.* Appellant's license was not suspended pursuant to a criminal sentencing statute. Instead, the court invoked a regulatory statute which permits the state to control and regulate traffic in a reasonable manner. We find nothing unreasonable in either the court's action or the factors it considered in making its determination." (Emphasis added.) *Id.* at 5–6.

Subsequently, we decided *State v. Hartman* (1987), 41 Ohio App.3d 142, 534 N.E.2d 933, upon which appellant relies. In that case, David Hartman was stopped by a state trooper for driving sixty-five m.p.h. in a fifty-five m.p.h. zone and was issued a citation for speeding. He was subsequently arrested for driving under the influence of alcohol. He submitted to a breath test which yielded a result of .094, less than the legal limit. He was charged with DUI based on the manner of operating his vehicle. Subsequently, the DUI charge was dismissed and he entered a plea of no contest to speeding. He was found guilty and his license was suspended for one year pursuant to R.C. 4507.34. We reversed the license suspension, concluding that there was no evidence that this speed was excessive for conditions or that his driving constituted a clear safety hazard to other drivers. In reaching this conclusion, we stated:

"We affirm our position in *Kirkpatrick, supra,* that a court of record, in deciding whether to suspend a driver's license pursuant to R.C. 4507.34, is entitled to consider all the evidence the record reveals which is probative of whether a defendant's operation of a motor vehicle was reckless, including his

state of sobriety. We however reject the notion, which we find to be suggested herein, that evidence of any minor traffic violation in combination with the consumption of a marginal quantity of alcohol, *ipso facto*, means an operator's driving is reckless.

"That a driver's operation of a motor vehicle was reckless is a conclusion reached by examining both the driving in issue and *all* the circumstances under which it took place. Foremost among these circumstances is the threat this manner of operation poses to others. A driver is not operating recklessly simply because he had consumed some alcohol when he committed an otherwise minor traffic offense which actually threatened no one. * * * " (Emphasis *sic*.) *Hartman, supra*, at 143–144, 534 N.E.2d at 935, fn. 3.

█ Appellant contends that *Hartman* controls the present case as there was no evidence that he operated his vehicle recklessly. He also contends that the trial court improperly considered his alcohol consumption when there was no evidence it caused any visible impairment of his driving. We disagree. Appellant was weaving significantly in and out of his lane at a time when driving conditions were hazardous. His weaving, whether caused by alcohol consumption or not, posed a serious threat to the drivers behind him who could not pass him. The present case is more factually similar to *Kirkpatrick, supra*, in that appellant's failure to stay within his lane of travel posed a serious safety hazard to other drivers. Moreover, at the sentencing hearing, appellant admitted that he had an alcohol problem which had affected his past driving behavior and that he was seeking help. We believe that the trial court properly considered that his traffic violation was alcohol-related. Therefore, appellant's first assignment of error is overruled.

In his second assignment of error, appellant states that the trial court's suspension of his license was an abuse of discretion. He argues that the length of the suspension and the conditions imposed upon his occupational driving privileges were unreasonable, arbitrary and capricious and that he was punished for driving under the influence of alcohol when he was never convicted of that charge. We find this assignment of error is well taken as it relates to the conditions placed upon his occupational driving privileges.

█ Appellant first argues that the length of the suspension, one year, was inappropriate for the offense of which he was convicted. We disagree. R.C. 4507.34 expressly authorizes the trial court to suspend the license of a defendant who violates a statute or ordinance relating to reckless operation for up to one year. Thus, the legislature deemed a one-year suspension to be an appropriate penalty. The decision of whether to suspend appellant's license and whether to suspend it for the maximum period imposed by statute was within the discretion of the trial court. See *Columbus v. Tyson* (1983), 19

Ohio App.3d 224, 226, 19 OBR 374, 377, 484 N.E.2d 155, 158–159; *State v. Newkirk* (1968), 21 Ohio App.2d 160, 165, 50 O.O.2d 253, 256, 255 N.E.2d 851, 854. The trial court properly considered that the offense of which appellant was convicted was alcohol-related and determined that his driving posed a safety hazard to other drivers. Under the circumstances, we do not find that its decision to suspend appellant's license for the maximum period allowed by the statute was so unreasonable, arbitrary or unconscionable as to connote an abuse of discretion.

■ The trial court granted appellant occupational driving privileges conditioned upon appellant equipping his vehicle with a guardian interlock device. We conclude that the trial court had no authority to impose this condition upon appellant's driving privileges.

■ R.C. 2951.02(I)(1) is the only statutory authority that allows the trial court to order that a defendant equip his motor vehicle with a guardian interlock device. It provides:

"(I)(1) When an offender is convicted of a violation of section 4511.19 of the Revised Code, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, or of section 2903.06 or 2903.07 of the Revised Code or of a municipal ordinance that is substantially similar to section 2903.07 of the Revised Code and that provides for that type of finding by a jury or a judge in a case in which the jury or judge found that the offender was under the influence of alcohol at the time of the commission of the offense, the court may require, as a condition of probation in addition to the required conditions of probation and the discretionary conditions of probation that may be imposed pursuant to division (C) of this section, any suspension or revocation of a driver's or commercial driver's license or permit or nonresident operating privilege, and all other penalties provided by law or by ordinance, that the offender operate only a motor vehicle equipped with an ignition interlock device that is certified as provided in section 4511.83 of the Revised Code."

Therefore, the court may order a defendant to use a guardian interlock device only if he or she is *convicted* of violating R.C. 4511.19, driving under the influence of alcohol, R.C. 2903.06, aggravated vehicular homicide, R.C. 2903.07, vehicular homicide, or a similar municipal ordinance. R.C. 2951.02(I) expresses a legislative intent that the guardian interlock device be used only upon conviction of these offenses. Since appellant was not convicted of any of these offenses, the trial court was without authority to condition appellant's driving privileges on the use of a guardian interlock device. Conse-

quently, the order is void. See *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 512, 471 N.E.2d 774, 775. Accordingly, appellant's second assignment of error is overruled in part and sustained in part.

The judgment is affirmed in part and reversed in part.

*Judgment accordingly.*

WILLIAM W. YOUNG, J., concurs.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

The judge of the Eaton Municipal Court has once again utilized R.C. 4507.34 to impose a harsh sentence upon a person charged, but never convicted, of DUI.

The record indicates that appellant might well have been guilty of DUI, contrary to R.C. 4511.19(A)(1), in that he refused to perform coordination tests at the request of the arresting officer, and refused a breathalyzer test. It is indeed probable that he would have been convicted of DUI based upon the testimony of the state trooper who observed him and recognized his condition. Prior to any finding of guilt as to driving while intoxicated, the court required appellant to appear at a "detox" center for a weekend intervention program. Thereafter, when the DUI charge was dismissed, the court suspended appellant's right to drive for one year, pursuant to R.C. 4507.34, which reads, in part, as follows:

"*Whenever a person is found guilty* under the laws of this state or any ordinance of any political subdivision thereof, *of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court* of any court of record *may*, in addition to or independent of all other penalties provided by law, *suspend* for any period of time *or revoke the driver's license* or commercial driver's license of any person so convicted or pleading guilty to such offenses *for such period as it determines, not to exceed one year.*" (Emphasis added.)

Once the DUI charge was dismissed, the basis of the one-year suspension could only have been appellant's failure to have his seatbelt fastened, or his failure to drive entirely within the marked lanes of travel. Such violations are codified in R.C. 4511.33 and 4513.263. R.C. 4511.33 reads, in pertinent part, as follows:

"Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

"(A) *A vehicle* or trackless trolley *shall be driven, as nearly as is practicable, entirely within a single lane* or line of traffic and *shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.*" (Emphasis added.)

Violations of R.C. 4511.33 and 4513.263 are minor misdemeanors for a first offense. Nevertheless, the trial court determined that appellant, by failing to wear a seatbelt, or by crossing the center line (absent any proof that such movement could not be made with safety) was guilty of an offense "relating to reckless operation" in violation of R.C. 4507.34.

It is readily apparent that the trial court is invoking seldom-used R.C. 4507.34 in order to punish one charged with DUI, even though there is no conviction. I totally disapprove of such procedure. Such is a novel way for the prosecutor and the judge to assure that a defendant *suspected* of driving while under the influence of alcohol is punished, while avoiding the time and trouble involved in a trial. The court thereby denies a defendant due process. If a driver is charged with DUI, he should be tried for the offense—absent a plea bargain to a lesser offense such as reckless operation. If the DUI charge is dismissed, however, the court should not utilize R.C. 4507.34 in order to determine that the driver's violations "related" to reckless operation, simply to impose a driving suspension for one year.

We affirmed similar procedure by the same trial judge in *State v. Kirkpatrick* (June 22, 1987), Preble App. No. CA87–02–003, unreported, 1987 WL 13060. On November 16, 1987, we reversed the same trial judge on similar facts, in *State v. Hartman* (1987), 41 Ohio App.3d 142, 534 N.E.2d 933. In *Hartman, supra,* we distinguished *Kirkpatrick, supra,* without overruling such case, as follows:

"We affirm our position in *Kirkpatrick, supra,* that a court of record, in deciding whether to suspend a driver's license pursuant to R.C. 4507.34, is entitled to consider all the evidence the record reveals which is probative of whether a defendant's operation of a motor vehicle was reckless, including his state of sobriety. We however reject the notion, which we find to be suggested herein, *that evidence of any minor traffic violation in combination with the consumption of a marginal quantity of alcohol, ipso facto,* means an operator's driving is reckless." (Emphasis added.) *Hartman, supra,* at 143, 534 N.E.2d at 935, fn. 3.

R.C. 4507.34, a law virtually unknown to the bench and bar, grants a trial court virtually unbridled discretion to determine that anyone found guilty of violating any state law or municipal ordinance, while operating a motor vehicle, may have thereby committed an offense "relating to reckless operation." The court can then, in its discretion, in addition to or independent of all

other penalties provided by law, "suspend * * * or revoke the driver's license * * * for such period as it determines, not to exceed one year."

I pity the poor unfortunate who commits a minor traffic offense within the jurisdiction of Eaton Municipal Court. He just might be suspended for a year. Quite clearly, R.C. 4507.34 is anomalous. Punishment should fit the crime, but only that crime for which a driver is convicted.

In the case at bar, appellant was charged with DUI, and he should have been tried for such offense. If convicted, he should have been appropriately punished. It is totally improper, however, for such an individual to simply be *charged* with the offense of DUI, and be punished as if found guilty, even though such serious charge is voluntarily dismissed by the state.