The STATE of Ohio, Appellant,

v.

ZANDERS, Appellee.

[Cite as *State v. Zanders* (1997), 121 Ohio App.3d 131.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18302.

Decided July 2, 1997.

132

*Philip Bogdanoff,* Summit County Assistant Prosecuting Attorney, for appellant.

*Renee W. Green,* for appellee.

BAIRD, Judge.

The state appeals from a pretrial ruling of the Summit County Court of Common Pleas finding the state to be collaterally estopped from presenting certain evidence. We reverse.

On October 23, 1992, two pedestrians standing by the roadside were struck by a car and killed. After a trial by jury, Lawrence Zanders was convicted of two counts of involuntary manslaughter in violation of R.C. 2903.04(B), and one count of failure to drive in marked lanes in violation of R.C. 4511.33. Zanders was acquitted of two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A), one count of tampering with evidence in violation of R.C. 2921.12(A)(1), one count of failure to stop after an accident in violation of R.C. 4549.02, and one count of driving without proper lights in violation of R.C. 4513.03. The jury was hung on one count of operating a motor vehicle without reasonable control in violation of R.C. 4511.202.

On appeal, this court reversed the convictions for involuntary manslaughter on the ground that a minor misdemeanor (failure to drive in marked lanes) could not be the base offense for involuntary manslaughter. *State v. Zanders* (Apr. 6, 1994), Summit App. No. 16166, unreported, 1994 WL 119019.

On March 8, 1995, the state reindicted Zanders, charging him with two counts of involuntary manslaughter and two counts of aggravated menacing (a first degree misdemeanor) in violation of R.C. 2903.21. The information that became the basis for the new indictment was supplied by a prison inmate named Ott, who wrote to the prosecutor that Zanders had told him that he had been drinking and had intentionally tried to strike a woman with his car. Upon a hearing following Zanders's motion, the trial court dismissed these charges on the ground that they were barred by the statute of limitations for misdemeanors. Upon the state's appeal of the dismissal of the indictment, this court reversed the trial court's ruling. *State v. Zanders* (Nov. 22, 1995), Summit App. Nos. 17147 and 17243, unreported, 1995 WL 688811.

On October 8, 1996, the trial court denied Zanders's motion to dismiss on double jeopardy grounds, but ruled that the state was collaterally estopped from introducing evidence concerning the manner in which the car was driven, and whether the car had been driven outside the marked lanes. On January 14, 1997, the trial court held a hearing on a motion *in limine* filed by Zanders. During that hearing, the state asked for and received rulings from the trial court concerning whether the order of October 8 applied to specific evidence the state intended to present at trial.

The state filed its notice of appeal on January 14, 1997, stating that it was appealing the trial court's order of the same date. Zanders asserts that this

court does not have jurisdiction to hear this appeal because the state did not file a timely appeal pursuant to the seven-day period prescribed by Crim.R. 12(J) for appeals from pretrial rulings. The issue Zanders raises was addressed by this court in a journal entry issued on March 11, 1997, which denied Zanders's motion to dismiss and expressly found that the state had filed a timely appeal. On appeal, Zanders raises nothing to justify disturbing our prior ruling.

I

The state's sole assignment of error states:

"The trial court committed error when it granted the defendant's motion in limine and prohibiting the state from introducing evidence that the defendant drove outside marked lanes when striking and killing the two victims."

In *Ashe v. Swenson* (1970), 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475, the United States Supreme Court defined collateral estoppel in the criminal trial context to mean that the state is barred from relitigating an issue decided in the defendant's favor by a valid and final judgment. The court determined that the doctrine of collateral estoppel is incorporated in the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. *Id.* at 445, 90 S.Ct. at 1195, 25 L.Ed.2d at 476. The burden is on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding. *Dowling v. United States* (1990), 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708, 719.

Where an acquittal is based upon a general verdict, as each had been in Zanders's case, a court considering a collateral estoppel claim must "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Ashe v. Swenson*, 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–476.

In Zanders's case, the trial court reviewed "the elements of these offenses and the evidence as set forth in the transcripts" and determined that "a rational jury in considering the offenses of aggravated vehicular homicide could only have determined that the element of recklessness was not proven." Thus, the trial court concluded:

"The prosecution is now collaterally estopped from relitigating the issue of recklessness. Since the evidence to support recklessness could only relate to the manner in which the vehicle was operated, these are the facts which are now collaterally estopped from relitigation.

"The State may not present evidence establishing those facts which it used to support the charges related to the manner of operating the vehicle. These would include evidence supporting the charges of operating without lighted lights. It also precludes evidence of failure to operate within marked lanes because the jury, having found him guilty of this offense, necessarily found this conduct did not constitute recklessness. Having been found guilty and fined for failure to operate within marked lanes, he may not be tried again for this offense.

"\* \* \*

"In a subsequent prosecution \* \* \*, evidence of tire tracks showing that the Defendant drove outside marked lanes will not be admitted to establish menacing since the Defendant has been convicted and fined for that offense."

The court proceeded to exclude (1) proposed testimony by Ott that Zanders told him that he had driven his car over the line of the roadway to strike the victims, (2) proposed testimony by a witness that he observed tire tracks outside the marked lanes on the victims' yard, (3) proposed testimony by police officers that the crime scene indicated to them that Zanders's car had left the roadway, struck the victims, and then returned to the roadway, and (4) all photographs of the scene showing tire tracks.

Such evidence would be key to the state's proof that Zanders committed aggravated menacing, which is to serve as the predicate offense for new convictions for involuntary manslaughter. The aggravated menacing statute provides that "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family." R.C. 2903.21(A). To exclude all evidence that Zanders drove outside marked lanes, for example, would prevent the introduction of evidence of the conduct through which Zanders allegedly knowingly caused the victims to believe that he would cause serious physical harm to them.

■ The trial court erred in at least two ways. First, the trial court ruled:

"Having been found guilty and fined for failure to operate within marked lanes, he may not be tried again for this offense.

"\* \* \*

"In a subsequent prosecution \* \* \*, evidence of tire tracks showing that the Defendant drove outside marked lanes will not be admitted to establish menacing since the Defendant has been convicted and fined for that offense."

Zanders was convicted of failure to drive within marked lanes. Because "[c]ollateral estoppel may be used to bar a later prosecution for a separate offense only where the government loses in the first proceeding," *State v. Phillips*

(1995), 74 Ohio St.3d 72, 80, 656 N.E.2d 643, 655, the trial court's application of it to an issue on which Zanders was *convicted* was error.

■ The premise otherwise underlying the trial court's exclusion of evidence was its determination that in acquitting Zanders of aggravated vehicular homicide the jury necessarily found that Zanders had not been reckless. For the trial court, it followed that the prosecution was barred from presenting evidence concerning Zanders's "manner of operating the vehicle."

■ We doubt that the trial court's finding, if upheld, would collaterally estop the presentation of such a broad swath of evidence. We do not reach that question, however, because the trial court erred by applying collateral estoppel to an issue on which the jury rendered inconsistent verdicts. Where a jury reaches inconsistent verdicts, " 'principles of collateral estoppel—which are predicated on the assumption that the jury acted rationally and found certain facts in reaching its verdict—are no longer useful.' " *United States v. Citron* (C.A.2, 1988), 853 F.2d 1055, 1058, quoting *United States v. Powell* (1984), 469 U.S. 57, 68, 105 S.Ct. 471, 478, 83 L.Ed.2d 461, 471.

The jury's alleged finding, in acquitting Zanders of aggravated vehicular homicide, that he did not act recklessly is inconsistent with its determination that he was guilty of driving outside marked lanes. This conclusion is indicated by case law regarding suspensions imposed under R.C. 4507.34, pursuant to which trial courts are authorized to suspend driving privileges of persons "found guilty under the laws of this state * * * of operating a motor vehicle in violation of such laws * * * relating to reckless operation [.]" " 'That a driver's operation of a motor vehicle was reckless is a conclusion reached by examining both the driving in issue and *all* the circumstances under which it took place. Foremost among these circumstances is the threat this manner of operation poses to others.' " (Emphasis *sic*.) *State v. Foureman* (1990), 68 Ohio App.3d 162, 166, 587 N.E.2d 925, 927, quoting *State v. Hartman* (1987), 41 Ohio App.3d 142, 143–144, 534 N.E.2d 933, 934–936.

In a case involving a defendant's conviction for failure to drive within marked lanes, where no fatalities occurred as a result of defendant's acts, a court of appeals rejected the defendant's argument that that offense does not "relate to reckless operation." *State v. Foureman,* 68 Ohio App.3d at 164–166, 587 N.E.2d 925 at 926–928. The trial court in Zanders's case found that "[t]here is no basis upon which a rational jury could not have found that Lawrence Zanders was the driver of the car which struck the decedents and caused their deaths on October 23, 1992." Under such circumstances, a jury's finding of nonrecklessness on another count would be inconsistent with its verdict of guilty of failure to drive in

marked lanes.   The jury's verdict in Zanders's case, then, cannot collaterally estop the presentation of evidence of recklessness in a future proceeding.

The state's assignment of error is sustained.   The decision of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DICKINSON, P.J., and QUILLIN, J., concur.