On July 21, 1998 Sergeant Miles Farrell of the Fairfield Police Department observed appellant's car on Mack Road in Fair field, Ohio, traveling eastbound in the center two-way left turn lane[1] at approximately fifty m.p.h. The posted speed limit is twenty-five m.p.h. Farrell testified that traffic was "pretty heavy" in both directions, and appellant was passing all the east bound traffic by utilizing the center two-way turn lane. Farrell testified that appellant proceeded through an intersection where the two-way turn lane terminates and the lane becomes a mandatory turn lane for oncoming westbound traffic. Despite the risk of a head-on collision, appellant continued traveling eastbound in that lane. Farrell pursued appellant using his lights, siren, and horns. Several times appellant appeared to be pulling over to the side of the road, but then swerved back and failed to stop. Finally, more than one mile from where the pursuit began, appellant pulled over and stopped.
Appellant was charged with misuse of a turn lane and driving left of center. On July 30, 1998, appellant appeared pro se in the Fairfield Municipal Court and pled not guilty to both charges. In his defense, appellant stated that he had run out of gas at the top of the hill on Mack Road and was unable to stop because his power brakes went out. Appellant testified that he swerved into the center lane only to avoid colliding with the car in front of him as it stopped to make a right-hand turn.
The charges were tried that same day, and appellant was found guilty on both charges. The trial court ordered him to pay a total of $200 and imposed a one-year suspension of appellant's driving privileges under R.C. 4507.34.[2] The court asked appellant to surrender his license, but appellant stated that it was in his car. The trial court informed appellant that he had until noon to surrender his license to the court.
At approximately 11:50 a.m. that same day, Officer Russell Strickland of the Fairfield Police Department observed appellant driving south on Dixie Highway traveling away from the justice center. Strickland stopped appellant and charged him with driving under suspension. On August 11, 1998, appellant appeared once again in the Fairfield Municipal Court where he pled no contest to driving under suspension. He was found guilty and was fined $1,000, $750 of which was suspended. Appellant was sentenced to one hundred eighty days in jail, all of which was suspended on the condition that appellant report periodically on probation.
The appeals in these two cases were consolidated by this court on December 2, 1998. Appellant raises two assignments of error under each case, a total of four assignments of error. We will address each assignment of error in turn.
Assignment of Error No. 1 (CA98-09-184):
 THE TRIAL COURT ERRED IN FINDING THE APPELLANT GUILTY OF MISUSE OF A TWO WAY LEFT TURN LANE AND DRIVING LEFT OF CENTER WHEN HE ESTABLISHED THE COMMON LAW DEFENSE OF "NECESSITY". [SIC]
Appellant asserts that he only drove in the center turn lane to avoid a rear-end collision with the vehicle ahead of him since his car had run out of gas and his power brakes had failed. Appellant argues that his actions fall within the defense of necessity. The elements of the defense of necessity are as follows:
 (1) the harm must be committed under the pressure of physical or natural force, rather than human force; (2) the harm sought to be avoided is greater than, or at least equal to that sought to be prevented by the law defining the offense charges; (3) the actor reasonably believes at the moment that his act is necessary and is designed to avoid the greater harm; (4) the actor must be without fault in bringing about the situation; and (5) the harm threatened must be imminent, leaving no alternative by which to avoid the greater harm. (Emphasis added.)
State v. Prince (1991), 71 Ohio App.3d 694, 699. Appellant has failed to establish the fourth element of this defense because running out of gas was a situation resulting from his own inaction. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2 (CA98-09-184):
 THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION IN IMPOSING THE ONE YEAR SUSPENSION UNDER R.C. 4507.34 WHEN THERE IS INSUFFICIENT EVIDENCE THAT THE APPELLANT'S ACTIONS CONSTITUTED "RECKLESSNESS". [SIC]
The decision to impose a license suspension and whether to suspend any part of it is within the sound discretion of the trial court. State v. Foureman (1990), 68 Ohio App.3d 162, 166, citingColumbus v. Tyson (1983), 19 Ohio App.3d 224, 226. This court will not disturb the trial court's determination unless we find that the decision was so unreasonable, arbitrary, or unconscionable that it amounts to an abuse of discretion.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant argues that his driving was not "relating to reckless operation" as stated in R.C. 4507.34 because his actions did not amount to "recklessness" as defined in R.C. 2901.22(C).[3]
In State v. Kirkpatrick (June 22, 1987), Preble App. No. CA87-02-003, unreported, this court stated as follows:
 The use of the phrase ["relating to reckless operation"] demonstrates the General Assembly's intent to give the trial court authority to invoke R.C. 4507.34 when a defendant is guilty of something less than recklessness, as defined in R.C. 2901.22, and when a defendant has been found guilty of violating laws and ordinances other than R.C. 4511.20
(reckless operation).
Kirkpatrick at 5, quoting Tyson at 226. Therefore, it is immaterial whether appellant's actions fit the definition of "reckless ness" found in R.C. 2901.22(C).
This court has previously construed R.C. 4507.34 and stated that whether a driver's operation of a motor vehicle relates to reckless operation "is a conclusion reached by examining both the driving in issue and all the circumstances under which it took place. Foremost among these circumstances is the threat this manner of operation poses to others." (Emphasis sic.) Foureman
at 166, quoting State v. Hartman (1987), 41 Ohio App.3d 142,143-44. Therefore, before imposing a license suspension, the trial court must determine that the defendant's conduct constituted a clear safety hazard to others. See Hartman at 144.
In Kirkpatrick, the defendant was convicted of driving left of center and his license was suspended under R.C. 4507.34. The defendant was also charged with drunk driving, but that charge was dismissed. We stated that, notwithstanding the DUI evidence, the defendant's "failure to stay in his appropriate lane of travel certainly reflects a blatant disregard for the safety of others which, by itself, would justify the suspension." Kirkpatrick at 5-6.
Farrell testified that appellant was driving in the center two-way turn lane at approximately fifty m.p.h. Appellant then proceeded to travel eastbound in a westbound mandatory left-turn lane risking a head-on collision. Appellant's conduct clearly constituted a safety hazard to other drivers, and therefore was related to reckless operation under R.C. 4507.34. We find that the trial court did not abuse its discretion by suspending appellant's license. Appellant's second assignment of error is overruled.
Assignment of Error No. 3 (CA98-09-193):
 THE TRIAL COURT ERRED IN FINDING THE APPELLANT GUILTY OF THE CHARGE OF DRIVING UNDER SUSPENSION WHEN THE RECORD REVEALS THAT THERE WAS NO STATEMENT OF THE FACTS BEFORE THE COURT WHICH ESTABLISHED THE ELEMENTS OF THE OFFENSE.
Appellant argues that the trial court erred in accepting his no contest plea and finding him guilty of driving under suspension because there are not facts to support each element of the offense.
Appellant argues that he was not driving under suspension when he was stopped at 11:50 a.m. because the suspension did not commence until noon.
Crim.R. 11(B) (2) states in part: "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." R.C. 2937.07[4] states that, before a defendant may be found guilty, a no contest plea must be followed by an explanation of the circumstances containing facts sufficient to establish the essential elements of the offense. Bowers at 150. See, also, Mason v. Hurchanik (Mar. 16, 1998), Warren App. No. CA97-05-050, unreported, 2-3. If the explanation of circumstances does not support all the elements of the offense, then a defendant who pleads no contest has a substantive right to be acquitted. Bowers at 150, citing Springdale v. Hubbard (1977),52 Ohio App.2d 255, 259-60. The following occurred during the trial court's plea colloquy with appellant:
 COURT: And these allegations indicate that on 7-30-98 that [sic] you were operating a 77 automobile, a 1977 it says Caddy.
MR. HURSTON: Cadillac.
COURT: C A D D Y, automobile on Dixie Highway.
MR. HURSTON: Yes, sir.
 COURT: With a suspended driver's license in violation of Section 335.07(c) (1).[5]
Alright [sic] and you understand that correct?
MR. HURSTON: Yes, sir.
The foregoing facts are sufficient to establish each element of driving under suspension. Further, after reviewing the record, we are satisfied that the trial court clearly imposed the one-year suspension at the time of the hearing and asked appellant to surrender his license. When appellant stated that he had left his license in the car, the court then ordered appellant to retrieve it and surrender it to the court by noon. It is clear that the court intended the suspension to commence immediately, and the additional time was granted only to allow appellant to retrieve his license and surrender it to the court. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 4 (CA98-09-193):
 THE TRIAL COURT ERRED IN ACCEPTING THE APPELLANT'S NO CONTEST PLEA WHEN THE PLEA COLLOQUY FAILED TO SATISFY THE REQUIREMENTS OF CRIMINAL RULE 11(C) (2) IN THAT THE APPELLANT WAS NEVER INFORMED OF HIS RIGHT TO COMPULSORY PROCESS AND HIS RIGHT TO REMAIN SILENT.
Initially, we note that appellant is mistaken in his assertion that Crim.R. 11(C) (2) governs. Crim.R. 11(C) governs pleas of guilty and no contest in felony cases. Driving under suspension is a first degree misdemeanor carrying a maximum fine of $1,000 and the possibility of up to six months in jail, and as such, it qualifies as a petty offense under Crim.R. 2(D).
Crim.R. 11(E) governs misdemeanor cases involving petty offenses. Under this rule, the trial court shall not accept a guilty or no contest plea "without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." This court construed the meaning of this rule in State v. Cady
(Apr. 5, 1999), Warren App. No. CA97-09-102, unreported, where we stated as follows:
 Crim.R. 11(E), however, does not define the term "effect of the pleas" in relation to a plea of guilty or no contest. "A no contest plea, like a guilty plea, waives several constitutional rights * * *." Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216, 217-218, citing Toledo v. Chiavarini (1983), 11 Ohio App.3d 43, and Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709. Such rights include: "the right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witnesses he may have in his own defense." Chiavarini at 44.
* * *
 This requires that a meaningful dialogue about the rights being waived occur between the trial court and the defendant. Brewer at 218. This court sees no reason why "[t]he requirement of a meaningful dialogue between the court and the defendant is 
less applicable in misdemeanor cases * * *." Id. Accordingly, we find that a defendant entering a plea under Crim.R. 11(E) must be advised that he or she is waiving the same constitutional rights that a defendant pleading under Crim.R. 11(C) is waiving.
Cady at 11-13.
The trial court engaged in the following colloquy with appellant prior to accepting his plea:
 COURT: Now, Mr. Hurston, you understand that by entering a plea of no contest today that you're giving up your right to a trial?
MR. HURSTON: Yes, Sir.
 COURT: You're giving up your right to require that the prosecutor prove your guilt beyond a reasonable doubt?
MR. HURSTON: Yes, Sir.
 COURT: You're giving up your right to cross examine the prosecutor's witnesses?
MR. HURSTON: Yes, Sir.
 COURT: You're giving up your right to a jury trial, do you understand that?
MR. HURSTON: Yes, Sir.
The court proceeded to confirm that appellant understood the nature of the charges against him and the maximum possible penalty. The court then found appellant guilty.
The record reveals that the trial court engaged appellant in a meaningful dialogue about his rights and the effect of his plea. However, the court failed to address two of appellant's constitutional rights during the colloquy: (1) appellant's right to compulsory process, and (2) appellant's constitutional protection against self-incrimination. Although the trial court failed to specifically address these two issues, we find that appellant was not prejudiced because, prior to the judge taking the bench, an audio tape was played within the hearing of each person present in the courtroom. The transcript of the tape shows that each person was advised of their constitutional rights, including the right to compulsory process and the right to be free from self-incrimination.[6]
The Ohio Supreme Court has stated that "when a trial court fails to adhere in every respect to the dictates of Crim.R. 11, but the record reveals that the court has `substantially complied' with the requirements of the Rule, absent a showing of prejudice to the rights of the defendant, the entered plea will not be set aside." State v. Billups (1979), 57 Ohio St.2d 31, 38, quotingState v. Stewart (1988), 51 Ohio St.2d 86.
The trial court engaged in a meaningful dialogue with appellant about his rights and the effect of his plea. Though there were two specific deficiencies in the trial court's colloquy with appellant, those deficiencies were not prejudicial because appellant was advised of his rights via the audio tape recording. We are satisfied, after considering the totality of the circumstances, that the trial court's actions constituted substantial compliance with Crim.R. 11(E). Appellant's fourth assignment of error is overruled.
Judgments affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] This refers to a dedicated center lane where cars from either direction can use the dedicated lane to make a left-hand turn.
[2] R.C. 4507.34 states in part: "Whenever a person is found guilty under the laws of this state or under any ordinance of any political subdivision of this state, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the driver's license or commercial driver's license of any person so convicted or pleading guilty to such offenses for any period that it determines, not to exceed one year."
[3] R.C. 2901.22(C) states: "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
[4] The Supreme Court of Ohio has held that R.C. 2937.07 has not been superseded by Crim.R. 11 because the statute confers a substantive right upon the defendant. Cuyahoga Falls v.Bowers (1984), 9 Ohio St.3d 148, syllabus.
[5] This local ordinance is the substantive equivalent of R.C. 4507.02(D) (1).
[6] In Fairfield v. Schuk (Feb. 6, 1984), Butler App. No. CA83-05-040, unreported, this court previously addressed a case from Fair field Municipal Court involving the same tape recording, and we found the tape recording to be sufficient to inform the defendant of her rights and the effect of her no contest plea.