OPINION
Defendant-appellant, Glenn Elkins, appeals his conviction in the Clinton County Municipal Court for reckless operation of a motor vehicle.
On July 8, 1999, the Clarksville Volunteer Fire Department was called to a fire at 846 Nauvoo Road in a rural area of Clinton County, Ohio. Nauvoo Road is a narrow road with numerous residences. Two cars can pass one another on the road, but there is little room to spare. Upon their arrival, the firefighters parked their trucks, a pumper and a tanker, on the road on either side of the driveway leading to the residence where the fire had been reported. The trucks occupied a significant portion of the width of the roadway. Upon entering the yard of the residence, the firefighters found smoke coming from a campfire in back of the residence.
Firefighter Bob Wysong approached the property owners, and an argument ensued about the campfire. During this argument, appellant drove over from his residence, located several houses away. Appellant pulled into the driveway extremely fast, sliding to a stop. Appellant immediately exited his vehicle and began yelling at Firefighter Wysong. Appellant refused to acknowledge questions about why he was involving himself in the situation and continued to yell at Firefighter Wysong. Appellant threatened bodily harm to Firefighter Wysong.
Due to the hostile circumstances, the Clinton County Sheriff's Office was called by the firefighters. The fire fighting equipment was pulled back pending the arrival of a deputy. As Deputy Mike Wahl arrived, appellant left the scene. Firefighter Wysong had returned to one of the trucks and was exiting the truck as appellant left the driveway. As Firefighter Wysong was stepping down, appellant turned on yellow overhead warning lights on his vehicle and pulled into the road. Appellant rapidly accelerated his vehicle, squealing the tires and throwing dust and gravel into the air.
One of the other firefighters yelled for Firefighter Wysong to "watch his back" as appellant came within one-and-one-half feet of Firefighter Wysong. Three other firefighters were standing within three to five feet of appellant's path out of the driveway. One of these firefighters, Mickey H. Friend, sought to check for traffic and wave appellant by, but before he could do so, appellant sped past him without checking for oncoming traffic.
Dep. Wahl observed appellant's departure from the scene. He conferred with another deputy at the scene, as well as the firefighters, and decided to issue a citation to appellant for reckless operation in violation of R.C. 4511.20, a minor misdemeanor. Dep. Wahl went to appellant's home, but was informed that appellant had left on foot. Dep. Wahl then went next door to the home of appellant's parents, but appellant was not there. The following day, Dep. Wahl returned to appellant's home, but was again informed appellant was not home. Dep. Wahl left a message with appellant's wife instructing appellant to call the Sheriff's Office or a warrant would be issued. Appellant soon arrived at the Sheriff's Office, and a citation was issued.
Trial was held on September 7, 1999. Firefighters Wysong and Friend and Dep. Wahl testified, as well as another firefighter present at the scene. Their testimony established that, if traffic had been approaching, appellant would have been hit when leaving the driveway without looking. There was also testimony that, if Firefighter Wysong had stepped into the road when exiting the fire truck, he would have been hit by appellant. Appellant, his sister, and another relative testified that appellant had not driven recklessly that night and had not endangered the firefighters.
At the close of the evidence, the trial court found appellant guilty. By entry filed that same day, appellant was fined $100 and his license was suspended for one year, with occupational driving privileges to be granted should appellant petition for such. Appellant appeals, raising three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED WHEN IT FOUND THE DEFENDANT GUILTY OF R.C. SECTION 4511.20 WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, appellant contends that his conviction for reckless operation was against the manifest weight of the evidence. He argues that the state failed to prove that he endangered the firefighters in any way.
A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v.Thompkins (1997), 78 Ohio St.3d 380, 386-87, rehearing/reconsideration denied, 79 Ohio St.3d 1451. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; Tibbs v.Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218. In taking on this role,
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Martin (1983), 20 Ohio App.3d 172, 175. A decision will not be disturbed on appeal as being against the weight of the evidence if reasonable minds could arrive at the conclusion reached by the trier of fact. State v. Fields (1995), 102 Ohio App.3d 284,287.
R.C. 4511.20 provides:
 No person shall operate a vehicle * * * on any street or highway in willful or wanton disregard of the safety of persons or property.
A person may be convicted of violating R.C. 4511.20 for "willful" conduct where one's act is "done intentionally, designedly, knowingly, or purposefully, without justifiable excuse." State v. Earlenbaugh (1985), 18 Ohio St.3d 19, 21. One may also be convicted for a wanton act, one "done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others." Id. at 21-22. A wanton act will also be found where a person "with full knowledge of the surrounding circumstances, recklessly and inexcusably disregards the rights of other motorists." Id. at 22. This definition of `wanton' "is `substantially similar in wording and effectively identical in meaning" to "reckless" as defined in R.C. 2901.22(C).[1] Id. at fn. 2.
In the instant case, there was evidence in support of the trial court's conclusion that appellant willfully and wantonly disregarded the safety of Firefighter Wysong and the other firefighters. Although appellant turned on overhead warning lights before leaving the driveway, he did not even attempt to determine if it was safe to leave the driveway. Before Firefighter Friend could signal him that there was no traffic, appellant sped out of the driveway and into the narrow road. Appellant passed three firefighters within only a few feet, and would probably have hit Firefighter Wysong had Wysong stepped into the road when exiting the fire truck. Appellant claims that he did not speed out of the driveway, and that the squealing that was heard coming from his vehicle was the transmission, not the tires. There was contrary testimony presented by the firefighters and Dep. Wahl. We cannot say that the trial court erred in finding the firefighters' and Dep. Wahl's testimony more credible.
Under the totality of the circumstances, the weight of the evidence supported finding that appellant acted with a willful and wanton disregard of the safety of the firefighters present, especially considering how appellant engaged himself in the situation, verbally threatened Firefighter Wysong, and was still hostile when leaving the scene. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN IMPOSING A LICENSE SUSPENSION PURSUANT TO R.C. 4507.34 WHERE THE TRIAL COURT EXCEEDED ITS SENTENCING AUTHORITY.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN IMPOSING A ONE YEAR LICENSE SUSPENSION WHERE DEFENDANT'S CONDUCT WAS NOT A CLEAR SAFETY HAZARD TO OTHERS.
In his second and third assignments of error, appellant argues that the trial court did not have the authority to impose a license suspension, and that, even if the trial court did have such authority, the circumstances did not warrant such a sentence. As will be demonstrated below, the trial court clearly had the authority to impose a license suspension.
R.C. 4507.34 provides, in part:
 Whenever a person is found guilty under the laws of this state or under any ordinance of any political subdivision of this state, of operating a motor vehicle in violation of such laws or ordinances, relating to reckless operation, the trial court of any court of record may, in addition to or independent of all other penalties provided by law, suspend for any period of time or revoke the driver's license or commercial driver's license of any person so convicted or pleading guilty to such offenses for any period that it determines, not to exceed one year.
 It is not necessary that the offender's action rise to the level of "reckless" as defined in R.C. 2901.22(C). Rather, whether an offender's operation of a vehicle "relates to reckless operation" is a conclusion reached by examining both the driving in issue and all the circumstances under which it took place. Foremost among these circumstances is the threat this manner of operation poses to others. (Emphasis in original.)
State v. Foureman (1990), 68 Ohio App.3d 162, 166; Fairfield v.Hurston (May 24, 1999), Butler App. No. CA98-09-184, CA98-09-193, unreported. Before imposing a license suspension, the trial court must determine that the offender's conduct "constituted a clear safety hazard to others." Id. at 6, citing State v. Hartman (1987), 41 Ohio App.3d 142, 144. If such is found, the decision of the trial court to suspend or revoke the offender's driver's license is left to that court's sound discretion. Foureman, 68 Ohio App.3d at 166.
In the instant case, we cannot say that the trial court erred by imposing a license suspension. Appellant argues that the trial court made no finding that his conduct constituted a safety hazard to the firefighters. However, the testimony established that, had Firefighter Wysong continued to dismount from the truck, he probably would have been hit by appellant. Furthermore, appellant left the driveway, with his vision blocked by a fire truck on either side, without checking for oncoming traffic. Had traffic been approaching, appellant's vehicle likely would have been involved in an accident.
There was evidence to support suspending appellant's driver's license for one year. The evidence demonstrated that appellant's operation of his vehicle was a "clear safety hazard to others." Appellant's second and third assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.
[1] R.C. 2901.22(C) provides:
 A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.