OPINION
{¶ 1} Vernon Wilson appeals from his conviction in the Fairborn Municipal Court of speeding. Wilson was cited for driving 56 miles per hour in a 40 mile per hour zone. He pled guilty to the charge before a magistrate. The magistrate found that Wilson's speeding rose to a level "relating to reckless operation" and recommended that Wilson's driver's license be suspended pursuant to R.C. 4507.34. This finding was made on November 18, 2002. On December 20, 2002, the trial court adopted the magistrate's decision and suspended Wilson's driver's license for twelve months.
 {¶ 2} In a single assignment of error, Wilson contends the trial court erred in relating his speeding violation to the reckless operation of a motor vehicle when he only exceeded the posted speed limit by sixteen miles per hour on an empty, two lane, residential road which was dry with good visibility in the early morning hours.
 {¶ 3} Wilson contends the magistrate improperly relied on his poor driving record of speeding violations to justify finding that this speeding violation related to reckless operation. The State argues that Wilson has waived his right to assign as error the legal conclusion that the trial court's adoption of the decision of the magistrate by failing to timely object to the magistrate's decision. We agree. Crim.R. 19(E)(2) provides as follows:
 {¶ 4} "(a) Time for filing. Within fourteen days after the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections no later than seven days after the first objections are filed.
 {¶ 5} "(b) Form of objections. Objections shall be specific and state with particularity the grounds for the objections. A party shallnot assign as error on appeal the court's adoption of the decision of the magistrate unless the party has timely objected to the magistrate's decision."
 {¶ 6} Crim. R. 19(E)(3)(a) provides that the trial court may adopt the magistrate's decision and enter judgment if no written objections are filed unless there is an error of law or other defect on the face of the magistrate's decision.
 {¶ 7} Crim. R. 52(B) addresses plain error and provides "Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91. The Ohio Supreme Court has held that the violation of an ordinance regulating the speed of motor vehicles is an offense "relating to reckless operation of motor vehicles warranting a court to suspend the offender's driver's license pursuant to R.C. 4507.34." Akron v. Willingham (1957), 166 Ohio St. 337. InWillingham, supra, the supreme court said that the defendant's plea of guilty to driving at the rate of 60 miles per hour in a 25 mile per hour zone, having due regard for the conditions then existing, was an admission that he was driving "without due regard for the rights of others." Recklessness, for the purposes of R.C. 4507.34, means driving "without due regard for the rights of others."
 {¶ 8} In State v. Hartman (1987), 41 Ohio App.3d 142, the Preble County Court of Appeals held a driver who operated his motor vehicle at 65 miles per hour in a 55 mile per hour zone on Interstate 70 with a borderline breath-alcohol test did not commit a speeding violation relating to reckless operation. The court noted "that a driver's operation of a motor vehicle was reckless is a conclusion reached by examining the driving in issue and all the circumstances under which it took place. Foremost among these circumstances is the threat this manner of operation poses to others." fn. 3 at 144.
 {¶ 9} At the time of Wilson's plea, the magistrate noted that:
 {¶ 10} "I can't believe that anyone other than you and your foot on the pedal is responsible for how vehicles are operated when you're behind the wheel. My concern is making the roads safe, and you're not driving safe. I realize I don't know you, and I'm just looking at a piece of paper, and I'm trying to think to myself: What is it that's going to get Mr. Wilson's attention? . . . Since the Court yanked your license from August of last year to February of this year, since that time, this is your third speeding ticket, correct?
 {¶ 11} "R. Yes.
 {¶ 12} "Have you ever taken a remedial driving class?
 {¶ 13} "R. No, sir. Well, let me change that. Before I was 18, I did, through Warren County.
 {¶ 14} "Was that for the purpose of getting the deletion of two points?
 {¶ 15} "R. No, it was not.
 {¶ 16} "Well, what I'm going to do, Mr. Wilson, is, I'm going to have you pay a $45 fine and costs. And this being an occasion where I do find that your speed rose to a level of recklessness, and in light of there having been three prior suspensions of your license by courts, and you've continued to drive poorly since the most recent on [sic], there's going to be a 12-month suspension of your license, with work and school privileges . . . You're your own worst enemy." (Emphasis added).
 {¶ 17} It is not surprising that the magistrate took note of Wilson's dismal record of speeding violations. We agree that a driver's past driving record is not a proper consideration in determining whether a driver's speeding related to reckless operation. It is not clear, however, that the magistrate improperly used Wilson's driving record to influence him to conclude that Wilson's speeding on this occasion amounted "to a level of recklessness."
 {¶ 18} Although we regard the matter as somewhat close, we cannot say that the trial court was clearly in error in concluding as a matter of law that Wilson's speeding violation was reckless in the sense that he drove his car in a residential area "without due regard for the rights of others." The assignment of error is overruled.
 {¶ 19} The judgment of the trial court is Affirmed.
WOLFF, J., and YOUNG, J., concur.