The STATE of Ohio, Appellant and Cross–Appellee,

v.

TAMBURIN, Appellee and Cross–Appellant.

[Cite as *State v. Tamburin* (2001), 145 Ohio App.3d 774.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 3162–M.

Decided Sept. 12, 2001.

*Dean Holman,* Medina County Prosecuting Attorney, and *Joseph F. Salzgeber,* Assistant Prosecuting Attorney; *John J. Lohn,* Medina City Prosecutor, for appellant and cross-appellee.

*David L. McArtor,* for appellee and cross-appellant.

WHITMORE, Judge.

This case is before the court on cross-appeals from the Medina Municipal Court by the state of Ohio and the defendant Michael J. Tamburin. This court affirms in part and reverses in part.

## I

On October 16, 1999, defendant was arrested and charged with violating R.C. 4511.19(A)(1), driving while under the influence of alcohol ("DUI"); R.C. 4511.33(A), failure to stay within marked lanes; and R.C. 4513.263(B)(1), failure to wear a seatbelt.

The trial court granted defendant's motion to dismiss the DUI, finding that the municipal court lacked jurisdiction to try that charge. The state has appealed from that decision. The trial court then denied defendant's motion to dismiss the two remaining charges for lack of speedy trial and defendant entered a plea of no contest to those charges. Defendant has cross-appealed from the denial of his speedy trial motion and also from the sentencing order that suspended his driving privileges for one year. Additional procedural facts are included within the discussion of the relevant assignment of error. The state's single assignment of error is considered first, followed by consideration of defendant's two errors on cross-appeal.

## II

### STATE OF OHIO'S ASSIGNMENT OF ERROR

"The trial court erred when it found it had no [jurisdiction] over the appellee/cross–appellant for violating [R.C. 4511.19(A)(1)]."

Defendant was originally charged with violating R.C. 4511.19(A)(1), driving under the influence of alcohol, on a traffic ticket issued by a Highway Patrol officer. That statute does not itself describe the degree of offense or the penalty to be imposed for its violation. Such information is contained within the penalty statute, R.C. 4511.99. Pursuant to that statute, and because it appeared that this was defendant's fourth DUI within six years and therefore a potential felony of the fourth degree, an indictment was sought from the grand jury. The grand jury declined to return an indictment on the charge of DUI and the case was not resubmitted to the grand jury. At that point, the charge was brought in municipal court. Defendant challenged that filing with a motion to dismiss for lack of jurisdiction, alleging that the offense was necessarily a felony charge and the municipal court lacked jurisdiction to hear felony cases. The trial court granted the motion. The state has challenged that ruling through this assignment of error, contending that the charge could properly be brought as a misdemeanor, that it was, in fact, charged as a misdemeanor, and that the municipal court had jurisdiction to try the matter.

The degree of offense and attendant penalty for any DUI charge may vary according to the number of previous violations attributable to the offender within six years of the present offense. See R.C. 4511.99. According to the statutory

scheme set forth in R.C. 4511.99, as it existed on the date of defendant's arrest, a DUI charge is a misdemeanor of the first degree when it is the offender's first, second, or third DUI within six years. See R.C 4511.99(A)(1); R.C 4511.99(A)(2)(a); R.C. 4511.99(A)(3)(a). While the penalty is increased with each additional prior offense, the degree of the offense remains the same in these three situations. *Id.* However, where the offender has three prior violations within six years, not only is the potential penalty increased, but the degree of the offense is elevated to a felony of the fourth degree as well. R.C 4511.99(A)(4)(a).

The Ohio Supreme Court has indicated that where prior convictions enhance only the penalty for an offense, the existence of the prior convictions is strictly a sentencing consideration for the court. *State v. Allen* (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199, syllabus. On the other hand, a prior conviction that elevates the degree of a subsequent offense is, in fact, an essential element of the offense and must be alleged and proved beyond a reasonable doubt. *Id.,* 29 Ohio St.3d at 54, 29 OBR 436, 506 N.E.2d 199, citing *State v. Gordon* (1971), 28 Ohio St.2d 45, 57 O.O.2d 180, 276 N.E.2d 243, paragraph one of the syllabus.

R.C. 2945.75 addresses charging requirements in regard to elements which enhance the degree of an offense and provides:

"(A) When the presence of one or more additional elements makes an offense one of more serious degree:

"(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense."

In this case, the face of the traffic ticket contained the notation "4th offense DUI" in the "Remarks" portion of the ticket. Defendant contends that this notation is sufficient to indicate that the DUI was being charged as a felony. However, the inclusion of this notation in such a manner fails to comport with the statutory necessity of alleging either the degree of the offense, *i.e.,* a felony of the fourth degree, or the additional element, *i.e.,* that defendant had three prior DUI convictions within six years. Cf. *State v. Tanner* (July 24, 1986), Ross App. No. 1256, unreported, 1986 WL 8333 (traffic ticket stated on its face that defendant had two previous violations within the past five years). Absent such allegations, the charging instrument "is effective to charge only the least degree of the offense." R.C. 2945.75(A)(1). In this case, the least degree of the offense is a misdemeanor of the first degree. See R.C. 4511.99(A)(1). Therefore, the charge, as presented, constituted a misdemeanor of the first degree.

■ Furthermore, given appropriate prosecutorial discretion to proceed on a lesser-included offense, the prosecutor in this case was authorized to bring the DUI charge as a misdemeanor, absent a demonstration of vindictiveness. *State v. Wilson* (1988), 47 Ohio App.3d 136, 140, 547 N.E.2d 1185. The record supports the conclusion that the state's decision to charge this offense as a misdemeanor does not stem from any sense of vengefulness, but rather from a simple failure to subpoena the appropriate witnesses and present sufficient evidence to the grand jury. Defendant has presented no evidence to the contrary. Thus, the prosecutor could present the DUI charge° as a misdemeanor in the first degree.

Defendant also argues that the municipal court was not empowered to impose a felony sentence upon him. However, no such sentence was imposed in this case. Consequently, that issue is not properly before this court.

Finally, defendant argues that the dismissal of the DUI charge is moot because by the time the trial court ruled on the jurisdictional motion, the defendant's speedy trial time had expired. This argument is without merit for the same reason as defendant's speedy trial argument regarding the minor misdemeanors is overruled *infra*.

The state's assignment of error is well taken. The municipal court erred in determining that it lacked jurisdiction to try the DUI charge. The judgment of the municipal court dismissing the DUI charge for lack of jurisdiction is reversed, and the cause is remanded for further proceedings.

### DEFENDANT'S CROSS–ASSIGNMENT OF ERROR NO. 1

■ "The trial court committed reversible error by not granting the defendant's motion to dismiss the minor [misdemeanors] on speedy trial grounds."

Defendant has asserted that he was deprived of a speedy trial on the two minor misdemeanor charges, failure to drive within marked lanes and failure to wear a seat belt, and that those charges should have been brought to trial within thirty days. Defendant contends that the trial court improperly charged the time taken to rule on his jurisdictional motion to him. In support of his position, defendant's only argument is that the trial court exceeded the limits of the Rules of Superintendence by taking longer than one hundred twenty days to rule on his motion.

■ It is well established in Ohio law that the "Rules of Superintendence are not designed to alter basic substantive rights of criminal defendants." *State v. Singer* (1977), 50 Ohio St.2d 103, 110, 4 O.O.3d 237, 362 N.E.2d 1216. "They are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants." *State v. Gettys* (1976), 49 Ohio App.2d 241, 243, 3 O.O.3d 286, 360 N.E.2d 735.

Accordingly, defendant's argument is without merit. The assignment of error is overruled.

## DEFENDANT'S CROSS-ASSIGNMENT OF ERROR NO. 2

■ "The trial court abused its discretion in suspending the defendant's license, and making the finding that same related to the offense of reckless operation."

Defendant entered a plea of no contest to the charges of failure to drive within marked lanes and failure to wear a seat belt. The trial court found defendant guilty and imposed sentence. In so doing, the court found that defendant's offense related to reckless operation and suspended defendant's driving privileges for one year, pursuant to R.C. 4507.34. Defendant has argued on appeal that the record does not support a finding that his was an offense relating to reckless operation. A reviewing court must determine whether a trial court's decision to suspend driving privileges pursuant to R.C. 4507.34 constitutes an abuse of discretion. *State v. Pessefall* (1993), 87 Ohio App.3d 222, 226, 621 N.E.2d 1370.

■ A plea of no contest is not an admission of guilt, but it is an admission of the truth of the facts alleged in the charging instrument, as well as the facts set forth by the state in its explanation of the circumstances surrounding the charge. *State v. Perry* (1998), 83 Ohio St.3d 41, 43, 697 N.E.2d 624. Therefore, in accordance with the information on the traffic citation, by entering a plea of no contest defendant has admitted that he failed to drive within marked lanes and also that he almost caused an accident.

■ Trial courts have discretion, pursuant to R.C. 4507.34, to suspend a defendant's driver's license, in addition to all other penalties provided by law, when the defendant is found guilty of violating any law or ordinance "relating to reckless operation" of a motor vehicle. In deciding whether to suspend a driver's license pursuant to this statute, the trial court is entitled to consider "all the evidence the record reveals which is probative of whether a defendant's operation of a motor vehicle was reckless, including his state of sobriety." *State v. Hartman* (1987), 41 Ohio App.3d 142, 143–144, 534 N.E.2d 933, fn. 3. A driver will not be found to be driving recklessly simply because he had consumed some alcohol when he committed an otherwise minor traffic offense that actually threatened no one. *Id.* The *Hartman* court explained:

"That a driver's operation of a motor vehicle was reckless is a conclusion reached by examining both the driving in issue and *all* the circumstances under which it took place. Foremost among these circumstances is the threat this manner of operation poses to others." (Emphasis *sic*.) *Id.*

Therefore, before imposing a license suspension, the trial court must examine the driving in issue, all the circumstances under which it took place, and determine that the defendant's conduct constituted a clear safety hazard to others. See *State v. Hartman*, 41 Ohio App.3d at 144, 534 N.E.2d 933. Furthermore, even where an associated DUI charge is dismissed, the trial court may consider the fact that a defendant's operation of his vehicle was alcohol related. See *State v. Foureman* (1990), 68 Ohio App.3d 162, 165, 587 N.E.2d 925, citing *State v. Kirkpatrick* (June 22, 1987), Preble App. No. CA87–02–003, unreported, 1987 WL 13060.

In suspending defendant's driving privileges in the case at bar, the trial court specifically indicated reliance on information in the traffic ticket that defendant "almost caused" an accident. Such conduct may reasonably be found to constitute a clear safety hazard to others. Therefore, upon this record, this court cannot conclude that the trial court abused its discretion in imposing a license suspension upon defendant.

Defendant's second assignment of error is overruled.

### III

The state's assignment of error is sustained. Defendant's two cross-assignments of error are overruled. The judgment of the municipal court dismissing the charge of driving under the influence of alcohol for lack of jurisdiction is reversed and the cause is remanded for further proceedings. The judgment of the municipal court denying defendant's motion to dismiss the charges of failure to drive within marked lanes and failure to wear a seat belt for lack of speedy trial is affirmed. The order suspending defendant's driving privileges is affirmed.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BAIRD, P.J., and SLABY, J., concur.