DECISION AND JOURNAL ENTRY.
{¶ 1} Appellant, Michael Tamburin, appeals the decision of the Medina Municipal Court, which sentenced him to sixty days in the Medina County Jail, a fine of $1,500.00, six points assessed to his driver's license, a three year suspension of his license, and immobilization of his vehicle. This Court affirms.
 I. {¶ 2} On October 16, 1999, appellant was arrested and charged with DUI in violation of R.C. 4511.19(A)(1), failure to stay within marked lanes in violation of R.C. 4511.33(A), and failure to wear a seatbelt in violation of R.C. 4513.263(B)(1). Appellant's DUI charge was his fourth offense within six years. The complaint was initially filed as a felony DUI with the Medina Municipal Court. However, the trial court dismissed the complaint after the Medina County Grand Jury returned a "no bill" for that charge. The State Trooper that arrested appellant re-filed the DUI charge as a misdemeanor offense.
 {¶ 3} Appellant filed a motion to dismiss the re-filed DUI charge, claiming the trial court did not have jurisdiction over a felony DUI case. A hearing was held on the matter and the trial court granted appellant's motion to dismiss the charge. The State timely appealed to this Court from the dismissal order and the judgment of the trial court was reversed and the case remanded for further proceedings. See State v.Tamburin (2001), 145 Ohio App.3d 774.
 {¶ 4} Upon remand, appellant entered a plea of no contest to the DUI charge; however, he challenged the trial court's jurisdiction to impose a sentence on him. The trial court determined that it had jurisdiction to sentence appellant and journalized its sentencing entry on July 29, 2002. Appellant requested a stay of his sentence pending appeal and the trial court granted the stay.
 {¶ 5} Appellant timely appealed, setting forth two assignments of error for review.
 II. First Assignment Of Error
"The Trial Court Erred When It Sentenced Appellant For a Fourth DUI Offense Within Six Years, Because Municipal Courts Lack Jurisdiction To Impose The Felony Sentence Provided For Such An Offense Under R.C.4511.99(A)(4)(a)."
 Second Assignment Of Error
"The Trial Court Erred In Violation Of Constitutional Due Process Of Law When It Sentenced Appellant For A Fourth DUI Offense Within Six Years, Because There Is No Penalty Provided Under R.C. 4511.99(A) Where Such An Offense Is Charged As A Misdemeanor Rather Than As A Felony."
 {¶ 6} In his first assignment of error, appellant argues the trial court erred in sentencing him because it is a municipal court and lacks jurisdiction to impose a felony sentence. In his second assignment of error, appellant argues the trial court erred and violated his due process rights by sentencing him for a misdemeanor offense rather than a felony offense. This Court disagrees.
 {¶ 7} Appellant's case was previously before this Court in Statev. Tamburin (2001), 145 Ohio App.3d 774. In fact, the assignments of error appellant now presents in his instant appeal were determined by this Court in the prior appeal. In the 2001 appeal, we specifically addressed identical arguments with the following explanation and analysis:
"Defendant was originally charged with violating R.C. 4511.19(A)(1), driving under the influence of alcohol, on a traffic ticket issued by a highway patrol officer. That statute does not itself describe the degree of offense or the penalty to be imposed for its violation. Such information is contained within the penalty statute, R.C. 4511.99. Pursuant to that statute, and because it appeared that this was Defendant's fourth DUI within six years and therefore a potential felony of the fourth degree, an indictment was sought from the grand jury. The grand jury declined to return an indictment on the charge of DUI and the case was not resubmitted to the grand jury. At that point, the charge was brought in municipal court. Defendant challenged that filing with a motion to dismiss for lack of jurisdiction, alleging that the offense was necessarily a felony charge and the municipal court lacked jurisdiction to hear felony cases. The trial court granted the motion. The State has challenged that ruling through this assignment of error, contending that the charge could properly be brought as a misdemeanor, that it was, in fact, charged as a misdemeanor, and that the municipal court had jurisdiction to try the matter.
"The degree of offense and attendant penalty for any DUI charge may vary according to the number of previous violations attributable to the offender within six years of the present offense. See R.C. 4511.99. According to the statutory scheme set forth in R.C. 4511.99, as it existed on the date of Defendant's arrest, a DUI charge is a misdemeanor of the first degree when it is the offender's first, second, or third DUI within six years. See R.C 4511.99(A)(1); R.C 4511.99(A)(2)(a); R.C.4511.99(A)(3)(a). While the penalty is increased with each additional prior offense, the degree of the offense remains the same in these three situations. Id. However, where the offender has three prior violations within six years, not only is the potential penalty increased, but the degree of the offense is elevated to a felony of the fourth degree as well. R.C 4511.99(A)(4)(a).
"The Ohio Supreme Court has indicated that where prior convictions enhance only the penalty for an offense, the existence of the prior convictions is strictly a sentencing consideration for the court. Statev. Allen (1987), 29 Ohio St.3d 53, 506 N.E.2d 199, syllabus. On the other hand, a prior conviction that elevates the degree of a subsequent offense is, in fact, an essential element of the offense and must be alleged and proved beyond a reasonable doubt. Id., 29 Ohio St.3d at 54, citing Statev. Gordon (1971), 28 Ohio St.2d 45, 276 N.E.2d 243, paragraph one of the syllabus.
"R.C. 2945.75 addresses charging requirements in regard to elements which enhance the degree of an offense and provides in pertinent part:
"(A) When the presence of one or more additional elements makes an offense one of more serious degree:
"(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.
"In this case, the face of the traffic ticket contained the notation `4th offense DUI' in the `Remarks' portion of the ticket. Defendant contends that this notation is sufficient to indicate that the DUI was being charged as a felony. However, the inclusion of this notation in such a manner fails to comport with the statutory necessity of alleging either the degree of the offense, i.e., a felony of the fourth degree, or the additional element, i.e., that Defendant had three prior DUI convictions within six years. Cf. State v. Tanner (July 24, 1986), Ross App. No. 1256, unreported, 1986 Ohio App. LEXIS 8117 (traffic ticket stated on its face that defendant had two previous violations within the past five years). Absent such allegations, the charging instrument `is effective to charge only the least degree of the offense.' R.C.2945.75(A)(1). In this case, the least degree of the offense is a misdemeanor of the first degree. See R.C. 4511.99(A)(1). Therefore, the charge, as presented, constituted a misdemeanor of the first degree.
"Furthermore, given appropriate prosecutorial discretion to proceed on a lesser-included offense, the prosecutor in this case was authorized to bring the DUI charge as a misdemeanor, absent a demonstration of vindictiveness. State v. Wilson (1988), 47 Ohio App.3d 136, 140,547 N.E.2d 1185. The record supports the conclusion that the State's decision to charge this offense as a misdemeanor does not stem from any sense of vengefulness, but rather from a simple failure to subpoena the appropriate witnesses and present sufficient evidence to the grand jury. Defendant has presented no evidence to the contrary. Thus, the prosecutor could present the DUI charge as a misdemeanor in the first degree.
"Defendant also argues that the municipal court was not empowered to impose a felony sentence upon him. However, no such sentence was imposed in this case. Consequently, that issue is not properly before this Court.
"* * *
"The State's assignment of error is well taken. The municipal court erred in determining that it lacked jurisdiction to try the DUI charge."Tamburin, 145 Ohio App.3d at 777-779.
 {¶ 8} After review of this Court's prior decision of appellant's case, it is clear that appellant is now attempting to revisit arguments that we have already specifically addressed and determined in this case. Therefore, we affirm the trial court's sentencing of appellant under "the law of the case" doctrine. The doctrine provides "that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Donnelly v. Kashnier, 9th Dist. No. 02CA0051-M, 2003-Ohio-639, at ¶ 25, citing Nolan v. Nolan (1984),11 Ohio St.3d 1, 3. Since the issues raised in the present appeal were determined in State v. Tamburin (2001), 145 Ohio App.3d 774, appellant's two assignments of error are overruled.
 III. {¶ 9} Accordingly, the judgment of the Medina Municipal Court is affirmed.
Judgment affirmed.
SLABY, P.J., REECE, J. CONCUR.
(REECE, J., retired judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV,§ 6(C), Constitution.)