DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jeffery Secrest, appeals from a Wayne County Municipal Court conviction for speeding and reckless operation. We affirm.
 I. {¶ 2} At approximately 12:15 p.m. on September 16, 2003, Mr. Secrest was driving on State Route 83 in the City of Wooster, Wayne County, Ohio. At that time, a trooper from the Ohio State Highway Patrol, Division of Aviation, was monitoring traffic from an airplane. This trooper observed Mr. Secrest's car in the left lane of the four-lane divided highway, passing the prevailing traffic. From the airplane, this trooper measured Mr. Secrest's speed at 81 m.p.h. in a 55 m.p.h. zone and then contacted an officer with the Wooster Police Department who made a stop and issued a citation.
 {¶ 3} Mr. Secrest was charged with speeding under Wooster Municipal Ordinance ORD 333.03(b)(7). After a bench trial before a magistrate, the court adopted the magistrate's decision that convicted Mr. Secrest of speeding, fined him $100, and suspended his driver's license for 30 days upon finding that his speeding related to reckless operation under R.C. 4507.34.[1] It is from this finding of reckless operation that Mr. Secrest now appeals.
 {¶ 4} Mr. Secrest timely appealed, raising one assignment of error.
 II. Assignment of Error
"The trial court erred in adopting the magistrate's decision imposing a license suspension on the defendant where the record did not support a finding that the speeding offense committed by the defendant related to reckless operation under the ohio revised code Section 4507.34."
 {¶ 5} In his sole assignment of error, Mr. Secrest asserts that the trial court erred in suspending his license under R.C.4507.34 because his speed was the only factor on which the court could have relied. He argues that speed cannot serve as the sole basis for suspension of a driver's license for reckless operation under R.C. 4507.34.
 {¶ 6} This Court reviews the trial court's decision to suspend a defendant's driver's license under R.C. 4507.34 for an abuse of discretion. Akron v. Cripple, 9th Dist. No. 21385, 2003-Ohio-3920, at ¶ 22, citing State v. Tamburin (2001),145 Ohio App.3d 774, 780. An abuse of discretion amounts to more than an error of judgment, but rather is a "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. An appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} R.C. 4507.34 permits a court to suspend or revoke an individual's driver's license for up to one year when that person is found guilty of "operating a motor vehicle in violation of [Ohio's] laws or ordinances, relating to reckless operation." The Ohio Supreme Court has recognized that under certain circumstances Ohio's speeding laws may relate to reckless operation under this statute. Akron v. Willingham (1957),166 Ohio St. 337, 338. When deciding whether to suspend a driver's license pursuant to R.C. 4507.34, a court considers all of the relevant evidence probative of whether the defendant's operation of a motor vehicle was reckless. State v. Jamnicky, 9th Dist. No. 03CA0039, 2004-Ohio-324, at ¶ 16. "That a driver's operation of a motor vehicle was reckless is a conclusion reached by examining both the driving in issue and all the circumstances under which it took place. Foremost among these circumstances is the threat this manner of operation poses to others." State v.Hartman (1987), 41 Ohio App.3d 142, 144. However, the court need not make any special finding of recklessness. State v. VanDoren (June 19, 1985), 9th Dist. No. 2063, citing State v.Newkirk (1968), 21 Ohio App.2d 160.
 {¶ 8} In the present case, the facts show that Mr. Secrest was driving on a dry, four lane, divided highway at midday. Although he was within the city limits, he was in a rural location. The weather was clear, and the traffic was moderate. No alcohol was suspected or detected. No accident occurred. However, Mr. Secrest was traveling 81 m.p.h. in a 55 m.p.h. zone, passing other vehicles. Given the evidence before us, we cannot say that the trial court was unreasonable or arbitrary in finding that Mr. Secrest's speeding under these circumstances posed a threat to other persons or property. We find, therefore, that the trial court did not abuse its discretion in suspending Mr. Secrest's license under R.C. 4507.34. Accordingly, we find Mr. Secrest's sole assignment of error to be without merit.
 III. {¶ 9} Mr. Secrest's sole assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., concurs.
[1] R.C. 4507.34 has been renumbered to R.C. 4510.15, effective January 1, 2004.