OPINION
{¶ 1} Defendant-appellant, L.M. appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, adjudicating her a juvenile traffic offender for driving while under the influence of alcohol and a stop sign violation. We affirm the adjudication.
 {¶ 2} On September 21, 2003, around 12:30 A.M., Warren County Sheriff's Deputy John Louallen observed appellant "roll through" a stop sign without coming to a complete stop. Deputy Louallen initiated a traffic stop and detected an odor of an alcoholic beverage about appellant. Appellant admitted to consuming two alcoholic beverages. Deputy Louallen administered the horizontal gaze nystagmus test and detected six clues. He discontinued other field sobriety tests because appellant was unable to perform them. Appellant was transported to the Warren County Sheriff's Office where she submitted to a breath test, which registered her breath alcohol concentration ("BAC") at .11.
 {¶ 3} Appellant was charged with, and adjudicated a juvenile traffic offender, for driving while under the influence of alcohol in violation of R.C. 4511.19(B)(2), and a stop sign violation in violation of R.C.4511.12. She appeals, raising a single assignment of error, arguing that the adjudication based on the violation of R.C. 4511.19(B)(2) is not supported by sufficient evidence.
 {¶ 4} In reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 5} Appellant was adjudicated a juvenile traffic offender for violating R.C. 4511.19(B)(2). The version of the statute in effect at the time of the offense provided in pertinent part:
 {¶ 6} "No person under twenty-one years of age shall operate any vehicle * * * if, at the time of the operation * * * [t]he person has a concentration of at least two-hundredths of one gram but less than ten-hundredths of one gram by weight of alcohol per two-hundred ten liters of the person's breath."
 {¶ 7} Appellant's sole contention on appeal is that the state, by presenting evidence that her BAC was .11, failed to present evidence that her BAC was between .02 and .10, as prohibited by R.C. 4511.19(B)(2).
 {¶ 8} We find appellant's contention to be without merit, and agree with the trial court's conclusion that "in order for the state to prove that the child's [BAC] was .11 it by necessity proved that the child's [BAC] was also between .02 and .10." We further note that the state has discretion to charge a lesser offense, even though the facts may warrant a charge on a higher level offense. See State v. Tamburin (2001),145 Ohio App.3d 774, 779. The assignment of error is overruled.
 {¶ 9} Judgment affirmed.
Young and Bressler, JJ., concur.