OPINION
{¶ 1} This is an appeal from a decision of the Common Pleas Court of Guernsey County, Ohio, after a bench trial with the Appellant being found guilty of driving under the influence in violation of R.C. 4511.19.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 25, 2004, State Highway Patrol Trooper Scott Buxton was on County Road 821 when approached by a vehicle. The occupants of that vehicle informed him that they had witnessed people operating ATVs on Township Road 328. (Trial Transcript, hereinafter "T." at 10). Trooper Buxton traveled to that area and observed two individuals on ATVs. Trooper Buxton activated his lights; at which time the individuals pulled the ATVs over into a driveway. (T. at 12). One of the individuals approached Trooper Buxton, at which time the Trooper Buxton detected the odor of alcohol on that person. Trooper Buxton directed the Appellant to remain on his ATV until the officer was finished speaking with the first individual. (T. at 15).
 {¶ 3} The first individual, identified as Dean Caynor, admitted to Trooper Buxton that both he and Gerald Massie, the driver of the second ATV, had been drinking. His alcohol test came back at .120. At this time, the Appellant got off his bike and started to walk over to the Trooper. (T. at 15). The Trooper noted that the Appellant had no coordination or balance. The Trooper also detected a strong odor of alcohol on the Appellant and that the Appellant's speech was slow and slurred. (T. at 16). Trooper Buxton suspected that he had two intoxicated individuals and was therefore concerned for his safety. Therefore, he did not perform field sobriety tests at the scene. (T. at 171-8). Instead, Trooper Buxton transported both the Appellant and Mr. Caynor to the Highway Patrol post for alcohol testing. The Appellant refused the breath test. He was cited for OVI and misuse of an ATV.
 {¶ 4} On September 25, 2004, Appellant was arrested and charged with driving while under the influence of alcohol or drugs (hereinafter "OVI"), under § 4511.19 of the Ohio Revised Code. The Grand Jury Indictment was handed down on November 3, 2004. Count One of the Indictment alleged that Appellant operated a motor vehicle while under the influence of alcohol, drugs, or a combination of both. Count One went on to state that this was a felony in the third degree because Appellant had been convicted of two previous felony OVI's. The Indictment also contained a specification that Appellant was previously convicted on OVI in the Court of Common Pleas of Summit County and also in the Court of Common Pleas of Medina County.
 {¶ 5} On April 13, 2005, Appellant waived his right to a jury trial. A bench trial was held on April 28, 2005. At the bench trial, Appellant was found guilty of driving while under the influence; a felony in the third degree.
 {¶ 6} A mandatory sentence of four years was the result as certain evidence was admitted indicating prior D.U.I. convictions which occurred in Summit and Medina Counties on May 21, 2002, and November 21, 2003, respectively.
 {¶ 7} Certified copies of the judgment entries in such cases were provided to the court.
 {¶ 8} Identity of Appellant was provided by testimony of the contents of information the arresting officer obtained from a printout from the Law Enforcement Automated Data System (LEADS). Such printout was offered but not accepted into evidence. (State's "Ex. E"). Such printout contained a color photograph of appellant. (T. at 62-63).
 {¶ 9} The two Assignments of Error are:
 ASSIGNMENTS OF ERROR {¶ 10} "I. THE ADMISSION INTO EVIDENCE OF DATA FROM A LAW ENFORCEMENT AUTOMATED DATA SYSTEM, A.K.A. LEADS PRINTOUT VIOLATED THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.
 {¶ 11} "II. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE."
 I. II. {¶ 12} As appellant's assignments of error are interrelated we shall address them together.
 {¶ 13} The essential issue involved in this case is whether the identity of the Appellant has been established as that person convicted in Summit and Medina counties as indicated by the certified copies of the judgments therefrom resulting in the application of R.C. § 2945.75(B) as to sentencing.
 {¶ 14} The introduction of such certified copies of the entries is not questioned as such Statute provides:
 {¶ 15} "Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."
 {¶ 16} Also, evidence other than certified copies could have established prior convictions under our decision in State v.Ansley (Feb. 6, 2006), Ohio 5th Dist. Delaware App. No. 05CAA080050, 05CAA070045, but identity by some method other than reliance solely on hearsay evidence is necessary.
 {¶ 17} Normally, evidentiary rulings lie within the broad discretion of the trial court and will form the basis for reversal, on appeal, only upon an abuse of discretion which amounts to prejudicial error. State v. Graham (1979),58 Ohio St.2d 350, 352.
 {¶ 18} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case subjudice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 19} This Court has previously ruled in State v. Straits
(Oct. 1, 1999), Stark App. No. 99CA7, that printouts from LEADS constitute hearsay as they do not fall within Evid. Rule 803(8) and that information therefrom is only admissible to establish the state of mind of the officer in his investigative actions, not to prove the truth of matters contained therein.
 {¶ 20} In State v. Huscusson, 5th Dist. No. 2004AP050040,2005-Ohio-864, this Court held "[t]he trial court properly admitted the LEADS printouts to verify appellant's identity, not to prove the elements of the offense. See, State v. Drabic
(Jan. 2, 1996), Tusc.App. No. 95 AP 02 0005. The evidence was properly admitted for non-hearsay purposes, including demonstrating Trooper Wood's process and reasoning in verifying appellant's identity. As a result, the trial court did not err in admitting the evidence, and the certified copies of the prior convictions was [sic.] sufficient evidence to establish appellant's prior convictions". Id. at ¶ 55.
 {¶ 21} The testimony of Trooper Buxton in the case at bar was properly admitted for non-hearsay purposes, including demonstrating Trooper Buxton's process and reasoning in verifying appellant's identity.
 {¶ 22} Appellant next contends that because the evidence of appellant's identity as the person convicted of prior OVI offenses was not proven, the trial court erred in not granting appellant's Crim. R. 29 Motion for Acquittal. We disagree.
 {¶ 23} "The purpose of a motion for judgment of acquittal is to test the sufficiency of the evidence and, where the evidence is insufficient, to take the case from the jury. In the non-jury trial, however, the defendant's plea of not guilty serves as a motion for judgment of acquittal, and obviates the necessity of renewing a Crim.R. 29 motion at the close of all the evidence. See the following cases decided under the analogous Fed.R.Crim.P.29: Hall v. United States (C.A. 5, 1961), 286 F.2d 676, 677, certiorari denied, 366 U.S. 910, 81 S.Ct. 1087, 6 L.Ed.2d 236;United States v. Besase (C.A. 6, 1967), 373 F.2d 120, 121;United States v. Pitts (C.A. 5, 1970), 428 F.2d 534, 535, certiorari denied, 400 U.S. 910, 91 S.Ct. 154, 27 L.Ed.2d 149. See also, 8A Moore's Federal Practice, Paragraphs 29.01 Et seq."Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163,398 N.E.2d 781, overruled on other grounds, State v. Lassaro (1996),76 Ohio St.3d 261, 266, 667 N.E.2d 384. The rule has no application in a case tried to the court. Id.
 {¶ 24} Appellant waived his right to a jury trial and was tried before the bench.
 {¶ 25} Accordingly, Appellant's first and second assignments of error are overruled.
Gwin, P.J., and Farmer, J., concur; Boggins, J., dissents.