[Cite as *State v. Castagnola*, 2015-Ohio-4752.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | JUDGES: | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. | |
| | : | Hon. Craig R. Baldwin, J. | |
| -vs- | : | | |
| | : | | |
| NICHOLAS J. CASTAGNOLA | : | Case No. 15-COA-026 | |
| | : | | |
| Defendant - Appellant | : | O P I N I O N | |

CHARACTER OF PROCEEDING:         Appeal from the Ashland Municipal
Court, Case No. 15TRD04620

JUDGMENT:         Affirmed

DATE OF JUDGMENT:         November 18, 2015

APPEARANCES:

For Plaintiff-Appellee

ANDREW N. BUSH
Assistant Law Director
1213 E. Main Street
Ashland, Ohio 44805

For Defendant-Appellant

NICHOLAS J. CASTAGNOLA, pro se
6751 Forest Glen Avenue
Solon, Ohio 44139

*Baldwin, J.*

{¶1}   Defendant-appellant Nicholas Castagnola appeals from the July 30, 2015 Judgment Order of the Ashland Municipal Court. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On July 9, 2015 at approximately 1:43 a.m., appellant was cited for driving 97 miles per hour in a 70 mile per hour zone in violation of R.C. 4511.21(D)(4) by Ohio State Highway Patrol Trooper Paul Green.   Appellant, on July 14, 2015, filed a written plea of not guilty and, on July 23, 2015, filed a Motion in Limine arguing, in part, that Trooper Green was not qualified to testify.

{¶3}   A bench trial was held on July 24, 2015. As memorialized in a Judgment Order filed on July 30, 2015, the trial court found appellant guilty. The trial court, in its Order, found that appellant had endangered others "by his excessive speed and the circumstances surrounding his driving" and that appellant's operation of his vehicle was reckless. The trial court suspended appellant's operator's license for one year pursuant to R.C. 4510.15 and ordered him to pay a fine of $150.00 plus court costs.

{¶4}   Appellant now raises the following assignments of error on appeal:

{¶5}   I.   THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. CASTAGNOLA WHEN IT OVERRULED MR. CASTAGNOLA'S SECOND OBJECTION TO THE ULTRA LYTE LASER SPEED EVIDENCE BASED ON A LACK OF FOUNDATION BECAUSE THE STATE HAD FAILED TO ESTABLISH, INTER ALIA, THAT THE "BLUE LIGHT" ON TOP OF TRP. GREEN'S ALLEGED "MARKED" PATROL CAR WAS A "FLASHING, OSCILLATING, OR ROTATING" BLUE LIGHT

PURSUANT TO R.C. § 4549.13 TO MAKE THE TROOPER A COMPETENT WITNESS TO TESTIFY PURSUANT TO R.C. § 4549.14.

{¶6} II.    THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. CASTAGNOLA WHEN IT EX POST FACTO DECLARED THAT MR. CASTAGNOLA HAD ACTUALLY COMMITTED "RECKLESS OPERATION", AND THUS, PURSUANT TO R.C. § 4510.15, HIS OPERATOR'S LICENSE SHOULD BE SUSPENDED FOR ONE YEAR, WITHOUT ANY BASIS TO SUPPORT A FINDING OF "RECKLESSNESS" PURSUANT TO R.C. § 2901.22(C), IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, WHICH COEXTEND TO THE OHIO CONSTITUTION.

{¶7} III.    THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. CASTAGNOLA WHEN IT FIRST STATED THAT A RULE 29 WAS NOT A PROPER MOTION IN A MINOR MISDEMEANOR TRAFFIC TRIAL AND THEN SUBSEQUENTLY OVERRULED MR. CASTAGNOLA'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL WHEREIN THE EVIDENCE WAS INSUFFICIENT TO PROVE A VIOLATION OF R.C. § 4511.21(D)(4) BECAUSE THE STATE HAD FAILED TO PROVE, INTER ALIA, THE ELEMENT THAT MR. CASTAGNOLA HAD OPERATED HIS MOTOR VEHICLE ON A "RURAL FREEWAY" AS PROVIDED UNDER DIVISION (B)(14) OF R.C. § 4511.21.

I

{¶8} Appellant, in his first assignment of error, argues that the trial court erred when it permitted testimony, over objection, pertaining to the Ultralyte laser in this matter. Appellant specifically contends that the proper foundation for the admission of

such testimony was not laid because appellee failed to establish that the "blue light" on top on Trooper Paul Green's patrol car was a "flashing, oscillating, or rotating" blue light pursuant to R.C. 4549.13. Appellant argues that, for such reason, Trooper Green was not a competent witness under R.C. 4549.14 and should not have been permitted to testify that he confirmed the speed of appellant's vehicle with a laser speed measuring device.

{¶9} Initially, we note, the decision to allow a witness to testify rests within the sound discretion of the trial court, and will not be overturned absent an abuse of that discretion. *Waganheim v. Alexander Grant & Co.*, 19 Ohio App.3d 7, 482 N.E.2d 955 (10th Dist. 1993). Abuse of discretion connotes more than an error of law or of judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶10} R.C. 4549.14 states as follows: "Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle <u>not marked</u> in accordance with section 4549.13 of the Revised Code." (Emphasis added). In turn, R.C. 4549.13 states as follows:

> Any motor vehicle used by a member of the state
> highway patrol or by any other peace officer, while said
> officer is on duty for the exclusive or main purpose of

enforcing the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall be <u>marked</u> in some distinctive manner or color and shall be equipped with, but need not necessarily have in operation at all times, at least one flashing, oscillating, or rotating colored light mounted outside on top of the vehicle. The superintendent of the state highway patrol shall specify what constitutes such a distinctive marking or color for the state highway patrol. (Emphasis added)

{¶11} As noted by appellee, R.C. 4549.14 incorporates the mandates of R.C. 4549.13 as such section pertains to marking, but not as it pertains to lighting.

{¶12} In the case sub judice, Trooper Green testified at the bench trial that he was in a marked cruiser assigned to him by the Ohio State Highway Patrol on July 9, 2015. He testified that the cruiser was a 2014 silver Dodge Charger with a blue light on top and "highway patrol insignia on the sides of the door." Transcript at 26. Trooper Green further testified that there was reflective tape around the sides and a state trooper emblem on the back of the cruiser. He also testified that he was in the uniform of the day that was assigned to him by the Ohio State Highway Patrol. We find that the trial court did not abuse its discretion in permitting the Trooper to testify because appellee presented ample evidence to establish that the Trooper was in a marked car. The trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶13} Appellant's first assignment of error is, therefore, overruled.

II

{¶14} Appellant, in his second assignment of error, argues that the trial court's finding of recklessness to support a license suspension under R.C. 4510.15 amounts to a constitutional ex post facto violation.

{¶15} "The *ex post facto* prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' " *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), quoting *Cummings v. Missouri,* 4 Wall. 277, 71 U.S. 277, 325–26, 18 L.Ed. 356 (1866). In order for a statute to violate the Ex Post Facto Clause, "it must be retrospective, that is, it must apply to events occurring before its enactment." *Weaver* at 29. We concur with appellee that ex post facto clause is not relevant to the facts of this matter.

{¶16} In essence, appellant argues that a license suspension could not be imposed by the trial court under R.C 4510.15 because his speeding did not constitute "reckless operation."

{¶17} R.C. 4510.15 (formerly R.C. 4507.34) states, in relevant part, as follows:

> Whenever a person is found guilty under the laws of this state, or under any ordinance of any political subdivision of this state, of operating a motor vehicle in violation of any such law or ordinance relating to reckless operation, the trial court of any court of record, in addition to or independent of all other penalties provided by law, may impose a class five suspension of the offender's driver's or commercial driver's

license or permit or nonresident operating privilege from the range specified in division (A)(5) of section 4510.02 of the Revised Code.

{¶18} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).

{¶19} This Court reviews the trial court's decision to suspend a defendant's driver's license under R.C. 4510.15 (formerly R.C. 4507.34) for an abuse of discretion. *State v. Tamburin*, 145 Ohio App.3d 774, 780, 764 N.E.2d 503 (9th Dist. 2001).

{¶20} A court's authority to suspend a driver's license under R.C. 4510.15 may arise when a person has been charged with and convicted of speeding under R.C. 4511.21, without any charge of reckless operation being made under R.C. 4511.20, inasmuch as a law or ordinance prohibiting speeding is a prohibition "relating to reckless operation" of a motor vehicle within the meaning of R.C. 4507.34, now 4510.15. *State v. Newkirk,* 21 Ohio App.2d 160, 255 N.E.2d 851 (5th Dist.1968). See also: *State v. Secrest,* 9th Dist. Wayne No. 04CA0023, 2004–Ohio–4585; *State v. Short,* 2d Dist. Champaign No.2003CA42, 2004–Ohio–5985.

{¶21} The trial court, in the case sub judice, stated, in relevant part, as follows:

I'm also finding, given the testimony that I've heard here today, that by Defendant's own admission it was a dark area, not well lit. There was testimony that there was other

traffic, that there was a pass being made. Defendant was operating a 2006 Hyundai on a public highway at 97 miles an hour, 27 miles per hour over the speed limit. I am finding pursuant to section 4510.15 that your driving, given the high speed and all of the surrounding conditions including the hour and the presence of another vehicle, constituted demonstration of reckless indifference to the rights and safety of others. I'm making that finding, as I mentioned pursuant to 4510.15.

{¶22} Transcript at 47. Based on the foregoing, we cannot say that the trial court abused its discretion in finding that appellant's operation of his vehicle was reckless.

{¶23} Appellant's second assignment of error is, therefore, overruled.

III

{¶24} Appellant, in his third assignment of error, argues that there was insufficient evidence that he had operated his motor vehicle on a "rural freeway" as provided under R.C. 4511.21(B)(14).

{¶25} Appellant initially argues that the trial court erred in overruling his Crim.R. 29 Motion for Judgment of Acquittal. However, as noted by this Court in *State v. Massie,* 5th Dist. Guernsey No. 05CA000027, 2006-Ohio-1515 at paragraph 23, "[t]he rule [Crim.R. 29] has no application in a case tried to the court."

{¶26} The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held as follows:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

{¶27} Appellant, in the case sub judice, was found guilty of speeding in violation of R.C. 4511.21(D)(4). R.C. 4511.21 states, in relevant part, as follows: "(D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:….(4) At a speed exceeding seventy miles per hour upon a freeway as provided in division (B)(14) of this section;.." In turn, R.C. 4511.21(B)(14) states as follows: "It is prima-facie lawful, in the absence of a lower limit declared or established pursuant to this section by the director of transportation or local authorities, for the operator of a motor vehicle, trackless trolley, or streetcar to operate the same at a speed not exceeding the following: …(14) Seventy miles per hour for operators of any motor vehicle at all times on all rural freeways;…"

{¶28}  At the trial in this matter, Trooper Green testified that he was seated at the 183 mile post on Interstate 71 in Ashland County when he observed appellant. He testified that the posted speed limit on that portion on Interstate 71 was 70 miles per hour and that that portion of Interstate 71 has three lanes in each direction divided by a median with a cable. According to him, it was connected to the interstate highway system in Ohio and other states. The trial court, in overruling appellant's motion, noted that the Trooper "gave a specific location of exactly where he was, which happens to be in a very rural area and testified that the limit was 70 miles per hour." Transcript at 45.

{¶29}  Based on the foregoing, we find that there was sufficient evidence supporting appellant's conviction for speeding in violation of R.C. 4511.21(D)(4).

{¶30}  Appellant's third assignment of error is, therefore, overruled.

{¶31}  Accordingly, the judgment of the Ashland Municipal Court is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.