[Cite as *State v. Duff*, 2016-Ohio-2786.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JAMES R. DUFF | : | Case No. 15-CA-84 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Municipal Court, Case No. 15-TRD-02169


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        April 29, 2016


APPEARANCES:

For Plaintiff-Appellee

AMY S. DAVISON
40 West Main Street
Newrak, OH  43055

For Defendant-Appellant

GARY D. ANDORKA
1650 Lake Shore Drive
Suite 150
Columbus, OH  43204

*Farmer, P.J.*

{¶1} On March 15, 2015, Ohio State Highway Patrol Trooper Drew Untied cited appellant, James Duff, for traveling 110 m.p.h. in a 70 m.p.h. zone in violation of R.C. 4511.21(D)(4).

{¶2} On March 24, 2015, appellant pled guilty to the charge and the trial court ordered him to pay a fine and court costs and suspended his driver's license for one year due to reckless driving. Appellant filed an appeal, claiming the trial court failed to provide him with a proper arraignment as he had appeared without counsel and he was not advised of any of his rights other than those included in the acknowledgment of rights form. The state conceded the issue. By judgment entry filed September 14, 2015, this court reversed the trial court's judgment and remanded the matter to the trial court for further proceedings.

{¶3} Upon remand, a bench trial was held on October 20, 2015. Appellant was represented by counsel. The trial court found appellant guilty as charged, and ordered him to pay a fine and court costs and suspended his driver's license for six months due to reckless driving.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT ERRED UPON REMAND BY NOT PROVIDING THE DEFENDANT AN ARRAIGNMENT PRIOR TO CONDUCTING A TRIAL IN VIOLATION OF OHIO TRAFFIC RULE 8(A)."

II

{¶6} "THE TRIAL COURT ERRED IN MAKING A FINDING OF RECKLESSNESS UNDER OHIO REVISED CODE 4510.15 AND SUSPENDING APPELLANT'S DRIVER'S LICENSE AS THERE WAS INSUFFICIENT EVIDENCE TO SHOW THAT APPELLANT OPERATED THE VEHICLE IN WILLFUL AND WANTON DISREGARD TO THE SAFETY OF OTHERS."

I

{¶7} Appellant claims the trial court erred in not re-arraigning him upon remand. We disagree.

{¶8} Appellant argues the trial court violated Traf.R. 8 which states the following in pertinent part:

> **(A) Arraignment Time.** Where practicable, every defendant shall be arraigned before contested matters are taken up. Trial may be conducted immediately following arraignment.
>
> **(B) Arraignment Procedure.** Arraignment shall be conducted in open court and shall consist of reading the complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant shall be given a copy of the complaint, or shall acknowledge receipt thereof, before being called upon to plead and may in open court waive the reading of the complaint.

**(D) Explanation of Rights.** Before calling upon a defendant to plead at arraignment the judge shall cause him to be informed and shall determine that defendant knows and understands:

(1) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Criminal Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;

(2) That he has a right to bail as provided in Rule 4;

(3) That he need make no statement at any point in the proceeding; but any statement made may be used against him;

(4) That he has, where such right exists, a right to jury trial and that he must, in petty offense cases, make a demand for a jury pursuant to Criminal Rule 23;

(5) That if he is convicted a record of the conviction will be sent to the Bureau of Motor Vehicles and become part of his driving record.

{¶9}  Appellant argues upon remand, the trial court failed to re-arraign him and instead set the matter for trial.  Appellant was initially arraigned on March 24, 2015.  After remand, appellant obtained counsel, filed a motion for a continuance which was granted, and participated in discovery.  At no time during the proceedings did appellant object to the failure to re-arraign him; therefore, he waived his right to challenge the issue on appeal.  As the United States Supreme Court stated in *Garland v. Washington,* 232 U.S.

642, 646, 34 S.Ct. 456 (1914), adopting the dissenting opinion of Justice Peckham in *Crain v. United States,* 162 U. S. 625, 649, 16 Sup.Ct. 952:

'***A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review.  It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court.'

{¶10}  In *Lester v. Leuck,* 142 Ohio St. 91, 92-93 (1943), quoting *State v. Kollar,* 95 Ohio St. 89 (1915), the Supreme Court of Ohio stated the following:

'The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted.

'It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a

court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.'

{¶11} Upon review, we find no error on the re-arraignment issue.

{¶12} Assignment of Error I is denied.

II

{¶13} Appellant claims the trial court abused its discretion in finding recklessness and suspending his driver's license for excessive speed. We disagree.

{¶14} "This Court reviews the trial court's decision to suspend a defendant's driver's license under R.C. 4510.15 (formerly R.C. 4507.34) for an abuse of discretion. *State v. Tamburin,* 145 Ohio App.3d 774, 780, 764 N.E.2d 503 (9th Dist.2001)." *State v. Castagnola,* 5th Dist. Ashland No. 15-COA-026, 2015-Ohio-4752, ¶ 19. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶15} R.C. 4510.15 permits a trial court to suspend a defendant's driver's license if the traffic violation amounts to reckless operation:

Whenever a person is found guilty under the laws of this state, or under any ordinance of any political subdivision of this state, of operating a motor vehicle in violation of any such law or ordinance relating to reckless operation, the trial court of any court of record, in addition to or independent of all other penalties provided by law, may impose a class five suspension

of the offender's driver's or commercial driver's license or permit or nonresident operating privilege from the range specified in division (A)(5) of section 4510.02 of the Revised Code.

{¶16} R.C. 2901.22(C) states:

A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

{¶17} As explained by the *Castagnola* court, *supra,* at ¶ 20:

A court's authority to suspend a driver's license under R.C. 4510.15 may arise when a person has been charged with and convicted of speeding under R.C. 4511.21, without any charge of reckless operation being made under R.C. 4511. 20, inasmuch as a law or ordinance prohibiting speeding is a prohibition "relating to reckless operation" of a motor vehicle within the meaning of R.C. 4507.34, now 4510.15. *State v. Newkirk,* 21 Ohio App.2d 160, 255 N.E.2d 851 (5th Dist.1968). See also: *State v. Secrest,* 9th Dist.

Wayne No. 04CA0023, 2004-Ohio-4585; *State v. Short,* 2d Dist. Champaign No. 2003CA42, 2004-Ohio-5985.

{¶18} Appellant argues the circumstances sub judice do not equate to recklessness. He argues the only fact presented was his speed of 110 m.p.h. in a 70 m.p.h. zone. Trooper Untied testified to the following (T. at 12-14):

Q. Okay and where were you located physically?

A. Um…I-70 Westbound near the 136 mile marker. Between 136 and 137.

Q. And you said you were stationary?

A. That is correct.

***

Q. For that area what is the posted speed limit for traffic?

A. 70.

Q. Okay now at the time you were checking traffic um...did any vehicle I guess draw your attention to it with regard to speed?

A. Yes.

Q. What did you see?

A. I observed a black four door BMW traveling westbound in the left lane. He was alone in the left lane and I visually estimated his vehicle well over 100 miles an hour. It was quite shocking. Um…I activated my laser and got three checks on the vehicle.

Q. And what were the three checks?

A. It was 108, 110, and then down to 107.

Q. Okay and you said that he was alone in the left lane?

A. Correct.

Q. There weren't any other cars beside him?

A. There weren't any immediately in front of him or beside him or ahead of him no ma'am.

{¶19} Appellant was travelling alone in the left lane of W I-70 and there were no other vehicles immediately in front or behind him. T. at 13-14. W I-70 is three lanes of traffic, the pavement was dry, the visibility was clear, and there were no adverse weather conditions. T. at 17. Although all of these facts were uncontested, appellant's speed (110 m.p.h.) was in excess of fifty percent of the posted speed limit (70 m.p.h.). There can be no other classification of the speed as grossly excessive, and such a speed is a conscious disregard of a known risk and the rights and safety of others with heedless indifference to the consequences.

{¶20} Upon review, we find the trial court did not abuse its discretion in finding appellant's operation of his vehicle was reckless and in suspending appellant's driving privileges.

{¶21} Assignment of Error II is denied.

{¶22} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Wise, J. concur.

SGF/sg 420