[Cite as *State v. Sager*, 2017-Ohio-7217.]

sCOURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ANDREW SAGER | : | Case No. 17-COA-006 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from Ashland Municipal
                                  Court, Case No. 2017 TRD 368


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 August 11, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ANDREW N. BUSH                            RHYS B. CARTWRIGHT-JONES
Assistant Director of Law                 42 N. Phelps St.
1213 E. Main Street                       Youngstown, Ohio 44503
Ashland, Ohio 44805

*Baldwin, J.*

**{¶1}**   Appellant Andrew Sager appeals a judgment of the Ashland Municipal Court convicting him of speeding (R.C. 4511.21) and suspending his operator's license pursuant to R.C. 4510.15 based upon a finding of recklessness.  Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**   On January 15, 2017, Trooper Speicher of the Ohio State Highway Patrol stopped appellant for speeding on Interstate 71 in Ashland County.  Trooper Speicher's attention was drawn to appellant because he was traveling at a high rate of speed in the right lane, as he passed cars in a center lane near an exit.  Appellant was traveling 93 miles per hour in a 70 mile per hour speed limit zone.

**{¶3}**   Appellant was charged with speeding in violation of R.C. 4511.21.  He entered a plea of guilty on February 14, 2017.  The court suspended his license pursuant to R.C. 4510.15 based on a finding that appellant's conduct involved recklessness.

**{¶4}**   Appellant assigns a single error to the license suspension:

**{¶5}**   "THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A DRIVER'S LICENSE SUSPENSION ON MR. SAGER RELATIVE TO HIS TRAFFIC CHARGE."

**{¶6}**   The trial court imposed a license suspension based on R.C. 4510.15, which provides in pertinent part:

> Whenever a person is found guilty under the laws of this state, or under any ordinance of any political subdivision of this state, of operating a motor vehicle in violation of any such law or ordinance relating to reckless

operation, the trial court of any court of record, in addition to or independent of all other penalties provided by law, may impose a class five suspension of the offender's driver's or commercial driver's license or permit or nonresident operating privilege from the range specified in division (A)(5) of section 4510.02 of the Revised Code.

**{¶7}** We review the trial court's decision to suspend a defendant's driver's license under R.C. 4510.15 (formerly R.C. 4507.34) for an abuse of discretion. *State v. Castagnola,* 5th Dist. Ashland No. 15-COA-026, 2015-Ohio-4752, ¶19, citing *State v. Tamburin*, 145 Ohio App.3d 774, 780, 764 N.E.2d 503 (9th Dist. Medina 2001).

**{¶8}** A court's authority to suspend a driver's license under R.C. 4510.15 may arise when a person has been charged with and convicted of speeding under R.C. 4511.21, without any charge of reckless operation being made under R.C. 4511.20, inasmuch as a law or ordinance prohibiting speeding is a prohibition "relating to reckless operation" of a motor vehicle within the meaning of R.C. 4507.34, now 4510.15. *Id.* at ¶20, citing *State v. Newkirk*, 21 Ohio App.2d 160, 255 N.E.2d 851 (5th Dist.1968).

**{¶9}** "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).

**{¶10}** In *Castagnola, supra,* the defendant was driving 97 miles per hour in a dark area, with other traffic in the area and a pass being made. We found that the trial court did not abuse its discretion in finding his driving to be reckless. 2015-Ohio-4752, ¶21-22.

{¶11} In the instant case, the trial court made the following finding to support his conclusion that appellant's operation of his motor vehicle was reckless:

> THE COURT: Okay. Well the problem that I have, Mr. Sager, and the ongoing (inaudible) where Trooper Spiker [sic] observed you, he says you were passing cars on the right. There were cars in the center lane, and you're going past them in the right-hand lane. That's an extremely dangerous thing do to [sic] at that kind of speed, especially in the area of an exit, because those cars might also be intending to exit, and they're not expecting you to be going past them on the right at 93, and someone could pull over in front of you, and those are – those are very, very bad accidents when they happen because people pass on the right at high speeds.
>
> So I do think it's pretty clear you're endangering other people, and I will make that finding under 4510.15 under the Ohio Revised Code that your driving shows a reckless indifference to the safety of others and that you were endangering other people.

{¶12} Tr. 5.

{¶13} As in *Castagnola,* appellant was driving at a high rate of speed with other traffic present on the roadway. As noted by the trial court, passing other vehicles at a high rate of speed in the right hand lane is particularly dangerous near an exit. Based on the facts and circumstances of this case, the trial court did not abuse its discretion in finding appellant's conduct to be reckless.

{¶14} The assignment of error is overruled. The judgment of the Ashland Municipal Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.